**Shahrokh R. YAGHOBI,**
**Plaintiff–Appellant,**

v.

**James ROBINSON, Meyer Meyer Metli & Keneally, Esqs., LLP,**
**Defendants–Appellees.**

**Docket No. 04–5600.**

United States Court of Appeals,
Second Circuit.

Aug. 1, 2005.

Shahrokh R. Yaghobi, Great Neck, New York, for Appellant, pro se.

James E. Robinson, Meyer, Meyer, Metli & Keneally, LLP (Richard Metli, on the brief), Smithtown, New York, for Appellees.

Present: JACOBS, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on September 20, 2004, dismissing plaintiff-appellant's complaint is hereby AFFIRMED.

*Pro se* plaintiff-appellant Shahrokh R. Yaghobi alleges that defendants-appellees improperly attempted to collect a debt in violation of a bankruptcy discharge injunction. *See* 11 U.S.C. § 524. Rather than seek an appropriate remedy in the bankruptcy court, however, Yaghobi sued the defendants in the district court under the Bankruptcy Code's contempt provision, *see* 11 U.S.C. § 105(a); the Bankruptcy Code's discharge provision, *see id.* § 524; the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. §§ 1692–1692o; and New York law, *see* N.Y. Gen. Bus. Law § 349. He now appeals the district court's dismissal of his complaint.

We review *de novo* a grant of dismissal pursuant to Fed.R.Civ.P. 12(b)(6). *See Seinfeld v. Gray,* 404 F.3d 645, 648 (2d Cir. 2005). We assume the parties' familiarity with the facts and the record of proceedings, which we reference only as necessary to explain our conclusion that plaintiff's grievances are properly pursued in the first instance in the bankruptcy court.

"The United States Bankruptcy Code provides a comprehensive federal system of penalties and protections to gov-

ern the orderly conduct of debtors' affairs and creditors' rights." *Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank,* 236 F.3d 117, 120 (2d Cir.2001). Thus, as the Supreme Court has observed, "if ... bankruptcy ... occur[s], the debtor's protection and remedy remain[ ] under the Bankruptcy Act." *Kokoszka v. Belford,* 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). "Bankruptcy courts were established to provide a forum where creditors and debtors could settle their disputes and thereby effectuate the objectives of the [Code]." *Roslyn Savs. Bank v. Comcoach Corp. (In re Comcoach Corp.),* 698 F.2d 571, 573 (2d Cir.1983). Where, as in this case, a debtor thinks a creditor is acting in violation of a bankruptcy court's § 524 discharge order, relief is properly sought in the first instance from the bankruptcy court "rather than in the district court, which only has appellate jurisdiction over bankruptcy cases." *Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank,* 236 F.3d at 121; *see also MSR Exploration, Ltd. v. Meridian Oil, Inc.,* 74 F.3d 910, 914–15 (9th Cir.1996). This court has interpreted the Bankruptcy Code's contempt provision, 11 U.S.C. § 105(a), to confer limited equitable powers on the bankruptcy court to issue orders necessary or appropriate to carry out the provisions of that title. *See New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.),* 351 F.3d 86, 91–92 (2d Cir.2003). Thus, because we conclude that plaintiff's § 105(a) claim should have been presented to the bankruptcy court, we affirm the district court's dismissal of that claim without prejudice to its pursuit in the bankruptcy court. Having concluded that the district court properly dismissed Yaghobi's bankruptcy claims, we need not reach the question of whether he may assert a private right of action under § 524.

██ We similarly affirm the district court's dismissal of plaintiff's parallel federal and state unfair debt collection practice claims. We need not here decide whether debtors in bankruptcy can ever maintain such claims based on violations of the Bankruptcy Code. *Compare Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 510 (9th Cir.2002) (rejecting, as precluded by Bankruptcy Code, debtor's FDCPA claim for violation of § 524 injunction) *with Randolph v. IMBS, Inc.,* 368 F.3d 726, 729–33 (7th Cir.2004) (recognizing FDCPA claim for violation of Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362, which explicitly provides private cause of action). We conclude simply that, because the bankruptcy court is the appropriate forum to determine whether a creditor has, in fact, violated a discharge order, a plaintiff debtor who, as in this case, fails to secure such a determination lacks a colorable factual basis to plead an unfair debt collection practice based only on a § 524 violation. Thus, nothing in our decision is meant to preclude Yaghobi's ability to seek relief in the bankruptcy court or to express any view about the merits of any claim that he might bring in that forum.

The judgment of the district court, entered on September 20, 2004, dismissing plaintiff-appellant's complaint is hereby AFFIRMED.