Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★   ★ ★ ★

**OPINION**

No. 04-07-00465-CV

**UNIFUND CCR PARTNERS**,
Appellant

v.

Javier **VILLA**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2006CVF001343-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by:    Catherine Stone, Justice
Dissenting opinion by: Sandee Bryan Marion, Justice
Dissenting opinion by : Rebecca Simmons, Justice

Sitting:        Alma L. López, Chief Justice
                Catherine Stone, Justice
                Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:    September 17, 2008

MOTION FOR REHEARING EN BANC GRANTED; AFFIRMED

    In light of the standard of review applicable to our review of the amount of sanctions

awarded by a trial court, a majority of the court grants appellee's motion for rehearing en banc. The

panel's opinions and judgment dated May 21, 2008 are withdrawn, and this opinion and judgment

are substituted.

Unifund CCR Partners appeals the trial court's final judgment and order imposing sanctions against it, asserting the trial court: (1) lacked jurisdiction to award the sanctions; and (2) abused its discretion in imposing sanctions and in determining the amount of sanctions to be imposed. We affirm the trial court's judgment.

## BACKGROUND

On January 17, 2005, Unifund sent Javier Villa a letter stating that it had purchased account number 4266830001324319 (the "Account") from Bank One NA which had charged off the Account on April 30, 2003. Unifund demanded payment in the amount of $18,338.49. On June 20, 2005, Villa and his wife filed a bankruptcy petition, listing Bank One NA as a creditor in relation to the Account. Villa and his wife were granted a discharge by the bankruptcy court on December 9, 2005. On April 3, 2006, Unifund sent Villa a second letter demanding payment. Villa's credit report reflected that Unifund received a copy of Villa's credit report in response to an inquiry by Unifund on May 17, 2006. The credit report clearly stated that Villa had been discharged in a Chapter 7 bankruptcy proceeding in December of 2005.

On August 14, 2006, Unifund filed a lawsuit against Villa seeking to collect the balance allegedly owing on the Account in the amount of $18,685.09. On August 21, 2006, Villa answered and filed a motion seeking sanctions against Unifund and its attorney pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code ("Code"). On August 28, 2006, Unifund filed a motion to dismiss the underlying proceeding "for the reason that the case has been settled." On September 6, 2006, the trial court signed an order of dismissal. On December 4, 2006, the trial court held a hearing on Villa's motion for sanctions. After allowing additional briefing, the trial court granted Villa's motion. Unifund was ordered to pay $18,685.00 for Villa's inconvenience and harassment,

and $2,871.00, for reasonable expenses and attorney's fees in presenting the motion for sanctions and defending Unifund's pleading.

### JURISDICTION

In its fifth issue, Unifund contends that the trial court's plenary power had expired when the sanctions order was issued because the trial court had signed a dismissal order on September 6, 2006. However, as the trial court noted in its final judgment, the dismissal had no effect on Villa's pending motion for sanctions. TEX. R. CIV. P. 162. Unifund's fifth issue is overruled.

In its first issue, Unifund contends that "Texas state courts do not have jurisdiction to enforce federal bankruptcy court discharge orders." The trial court in this case, however, was not attempting to enforce a bankruptcy court's order. Instead, the trial court imposed sanctions pursuant to Chapter 10 of the Code on the basis that Unifund had brought the underlying proceeding for improper purposes. Although Unifund cites several federal court cases as support for its contention that Villa was required to seek relief in the bankruptcy court, the cases cited by Unifund relate to lawsuits in which a debtor has filed a claim against a creditor. *See, e.g., Yaghobi v. Robinson*, 145 Fed. Appx. 697, 2005 WL 1800632, at *1 (2nd Cir. Aug. 1, 2005) (debtor sued creditor for violation of bankruptcy discharge injunction)*; Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 504 (9th Cir. 2002) (class action claim brought by debtor); *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 912 (9th Cir. 1996) (debtor sued creditor for malicious prosecution); *Jones v. Wolpoff & Abramson, L.L.P.*, 2006 WL 266102, at *1 (E.D. Pa. Jan. 31, 2006) (debtor sued creditor for violations of debt collection statutes); *but see Fuqua v. Graber*, 158 S.W.3d 635, 646-47 (Tex. App.—Corpus Christi 2005, pet. granted) (holding state court had jurisdiction to consider debtor's lawsuit for malicious prosecution arising from creditor's actions in bankruptcy court). In this case, Unifund, the creditor, sued Villa, and Villa sought sanctions as permitted by Chapter 10.

Unifund has not cited any case that would preclude Villa from seeking sanctions pursuant to Chapter 10 in this context, and we have found none. Accordingly, Unifund's first issue is overruled.

### IMPOSITION OF SANCTIONS

In its second and third issues, Unifund contends that the trial court erred in imposing sanctions because: (1) Unifund had a legitimate dispute with regard to whether the debt was owed; and (2) there was insufficient evidence that Unifund had actual knowledge of the bankruptcy discharge when it filed the underlying lawsuit.[1] A trial court's award of sanctions is reviewed under an abuse of discretion standard. *Loeffler v. Lytle Ind. Sch. Dist.*, 211 S.W.3d 331, 347 (Tex. App.—San Antonio 2006, pet. denied). The determination of whether sanctions constitute an abuse of discretion requires an examination of the entire record. *Id.* A trial court abuses its discretion in imposing sanctions if the order is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Id.* at 347-48. Thus, an appellate court will view the conflicting evidence in the light most favorable to the trial court's ruling and will draw all reasonable inferences in favor of the trial court's judgment. *Id.* at 348.

With regard to whether Unifund had actual knowledge of the bankruptcy discharge, the trial court considered the credit report which: (1) clearly referenced the December 2005 Chapter 7 bankruptcy discharge; and (2) revealed that Unifund had received a copy of the credit report in response to its inquiry on May 17, 2006. Although Unifund's attorney argued that the notation on the credit report was not sufficient to establish Unifund's actual knowledge of the bankruptcy discharge, we view the evidence in the light most favorable to the trial court's ruling and draw all

---

[1]Villa asserts that we should not consider Unifund's issues because Unifund did not properly brief the applicable abuse of discretion standard of review; however, this court must research and apply the proper standard of review in deciding an appeal regardless of the briefing. Moreover, as we later note, a trial court may "abuse its discretion" in imposing sanctions if the order is based on a clearly erroneous assessment of the evidence, which is the crux of the argument Unifund makes in its brief. *Loeffler, supra.* Accordingly, Villa's motion for damages is denied.

reasonable inferences in favor of the trial court's judgment. *See id.* Because the trial court's findings are not based on a clearly erroneous assessment of the evidence, the trial court did not abuse its discretion in determining that Unifund had actual knowledge of the bankruptcy discharge when it filed the underlying lawsuit. *See id.* at 347-48.

Unifund contends it had a legitimate dispute as to whether the debt had been discharged since Villa listed Bank One NA as the creditor in the bankruptcy petition instead of Unifund. The trial court rejected this argument, finding that Unifund had failed to: (1) contact Villa's bankruptcy attorney, whose name was listed on the credit report, to make further inquiry; or (2) consult with a bankruptcy attorney to get advice on the effects of the bankruptcy discharge. The case law addressing the effectiveness of the discharge even though Bank One NA was the creditor listed instead of Unifund was readily obtainable, and Unifund did not assert or attempt to argue that any of the exceptions to a discharge were applicable. *See In re Musgraves*, 129 B.R. 119, 121 (Bankr. W.D. Tex. 1991) (noting that scheduling or not scheduling a creditor has no impact on whether the creditor's claim is discharged under the Bankruptcy Code and noting various exceptions to discharge). Therefore, the trial court did not abuse its discretion in determining that Unifund's purported dispute about the discharge of the debt was not "formed after reasonable inquiry" or "warranted by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law." TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (Vernon 2002).

## AMOUNT OF SANCTIONS

In its fourth issue, Unifund contends that the amount of the sanction was excessive. Unifund does not challenge the portion of the trial court's order awarding $2,871.00 in sanctions to encompass the reasonable expenses and attorney's fees incurred by Villa in presenting the motion for sanctions and defending Unifund's pleading. Instead, Unifund contends that imposing the additional sanction of $18,685.00 is excessive and unjust.

The amount of a sanction awarded by a trial court is limited by the trial court's duty to exercise sound discretion. *Low v. Henry*, 221 S.W.3d 609, 619 (Tex. 2007). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, not when it simply exercises that discretion in a different manner than reviewing appellate courts might. *Id.* at 619-20. Section 10.002(c) of the Code permits a trial court to award the prevailing party all costs for inconvenience, harassment, and out-of-pocket expenses incurred or caused by the subject litigation. TEX. CIV. PRAC. & REM. CODE ANN. § 10.002(c) (Vernon 2002). A sanction must be limited to "what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.* at § 10.004(b). In *Low*, the Texas Supreme Court adopted factors to be considered by a trial court in assessing a sanction.[2] 221 S.W.3d at 620 & n. 5. Two of the guiding rules and principles governing the trial court in exercising its discretion in considering these factors are: (1) a

---

[2]The factors are: (a) the good faith or bad faith of the offender; (b) the degree of willfulness, vindictiveness, negligence, or frivolousness involved in the offense; (c) the knowledge, experience, and expertise of the offender; (d) any prior history of sanctionable conduct on the part of the offender; (e) the reasonableness and necessity of the out-of-pocket expenses incurred by the offended person as a result of the misconduct; (f) the nature and extent of prejudice, apart from out-of-pocket expenses, suffered by the offended person as a result of the misconduct; (g) the relative culpability of client and counsel, and the impact on their privileged relationship of an inquiry into that area; (h) the risk of chilling the specific type of litigation involved; (i) the impact of the sanction on the offender, including the offender's ability to pay a monetary sanction; (j) the impact of the sanction on the offended party, including the offended person's need for compensation; (k) the relative magnitude of sanction necessary to achieve the goal or goals of the sanction; (l) burdens on the court system attributable to the misconduct, including consumption of judicial time and incurrence of juror fees and other court costs; .... (n) the degree to which the offended person's own behavior caused the expenses for which recovery is sought.... *Low*, 221 S.W.3d at 620 n.5.

sanction should be sufficient to deter repetition of the conduct or comparable conduct by others similarly situated; and (2) the trial court is not required to address all of the factors that can be considered. TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(b) (Vernon 2002); *Low*, 221 S.W.3d at 620.

In this case, Unifund initially demanded payment in the amount of $18,338.49 from Villa in January of 2005. In June of 2005, Villa and his wife went through a bankruptcy proceeding and received a discharge, believing that their debts had been discharged. In April of 2006, Unifund sent a second demand for payment of a debt that Villa and his wife thought had been discharged. Then, despite having actual knowledge that Villa had been discharged, Unifund sued Villa seeking to collect $18,685.09.

The trial court found that Unifund failed to conduct a reasonable inquiry and failed to exercise "due diligence" before filing the underlying lawsuit. The trial court further found that Unifund brought the claim in "bad faith" because "the real purpose of the lawsuit was to harass Villa, to intimidate him, and to coerce him into paying a debt that, by operation of federal bankruptcy law, he was not responsible for." The trial court was informed that Unifund had over a billion dollars in assets and routinely buys bad debts from banks and credit card companies and tries to collect them.[3] Evidence was presented that Unifund had eighty-four operating cases in Webb County alone.[4] The trial court also heard evidence that Villa and his wife were worried when they received Unifund's letter because the letter indicated that they owed the debt despite the discharge.

---

[3]Villa attached a copy of a page from Unifund's website to his Memorandum of Law and Fact in Support of Sanctions wherein Unifund states, "Every year, Unifund purchases several billion dollars of charged-off receivables from major banks and other lending institutions."

[4]A list of these cases was attached to Villa's Memorandum of Law and Facts in Support of Sanctions together with an electronic docket sheet for each case.

Villa's wife testified that she could not sleep and she yelled at Villa because she thought he had not

sent in all the paperwork. In view of all of the factors the trial court was permitted to consider, and

given that Unifund had actual knowledge of the discharge when it decided to use the judicial system

in its efforts to collect a discharged debt, we cannot conclude that the trial court abused its discretion

based on the record presented. Accordingly, Unifund's fourth issue is overruled.

Both of the dissenting opinions narrowly read the trial court's order as being exclusively

based on section 10.002(c) of the Code and conclude the award is excessive. The trial court's six

page order, however, is much broader than this narrow reading. The trial court's order details

Unifund's failures to conduct a reasonable inquiry before filing suit. The trial court then details

Unifund's violations of section 10.001(1) of the Code. The trial court's order then concludes,

"Therefore, this Court imposes the following sanctions on Hull's client, UNIFUND. *TEX. CIV.

PRAC. & REM. CODE § 10.004(a).*" Accordingly, the trial court clearly states that it is imposing

the sanctions under section 10.004(a) of the Code. Moreover, although the trial court states that the

monetary award shall encompass Villa's costs for inconvenience and harassment, the use of the

phrase "shall encompass" should not be narrowly read as an indication that the award is limited to

those costs because the order concludes, "This court finds that the foregoing sanctions are limited

to what is sufficient to deter repetition of the sanctioned conduct practiced in this suit by Unifund

CCR Partners."[5] Although we recognize the trial court also uses the phrase "shall encompass" in

---

[5]The order provides, in part:

Therefore, this court determines that HULL signed a pleading, *viz.* UNIFUND's original petition in this case, in violation of *§ 10.001(1)*, and that UNIFUND, because it ignored clear evidence of Villa's prior-filed bankruptcy, was "implicated apart" from the attorney's behavior. Therefore, this Court imposes the following sanctions on Hull's client, UNIFUND. *TEX. CIV. PRAC. & REM. CODE § 10.004(a).*

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**
1.       Unifund CCR Partners shall pay to Javier Villa the sum of Eighteen Thousand Six Hundred Eighty Five ($18,685.00) Dollars, which shall encompass Villa's costs for inconvenience and

awarding a dollar amount to encompass Villa's reasonable expenses and attorney's fees, we believe the use of the phrase was not intended to narrow the basis for the trial court's sanctions award given the trial court's explicit reference to section 10.004(a) and its implicit reference to section 10.004(b).

One of the dissenting opinions also charges that the only sanctions available under Chapter 10 are those listed in section 10.004(c). The dissenting opinion quotes a Houston case as support for its charge, asserting that "[a] trial court should not stray from the list of sanctions set forth in the statute." *Sterling v. Alexander*, 99 S.W.3d 793, 798 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). The dissenting opinion's reliance on this decision appears to be misplaced.

Section 10.004(a) of the Code states that a trial court may impose a sanction upon determining that a person has signed a pleading or motion in violation of section 10.001. TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(a) (Vernon 2002). This is the section the trial court references in its order as the basis for imposing sanctions. Section 10.004(b) of the Code states that the sanction must be limited to what is sufficient to deter repetition of the conduct. TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(b) (Vernon 2002). This is the section the trial court references in its order by stating that the sanctions are so limited. Section 10.004(c) of the Code then provides that a sanction *may include* any of three listed sanctions. TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(c) (Vernon 2002). The Code Construction Act clearly states that the term "includes" is a term "of enlargement and not of limitation or exclusive enumeration, and use of the [term] does not

---

harassment caused by the subject litigation, according to *TEX. CIV. PRAC. & REM. CODE § 10.002(c)*.
2.        Unifund CCR Partners shall pay to Javier Villa the sum of Two Thousand Eight Hundred Seventy One ($2,871.00) Dollars, which shall encompass reasonable expenses and attorney's fees incurred in presenting the motion for sanctions and defending UNIFUND's pleadings, according to *TEX. CIV. PRAC. & REM. CODE § 10.002(c)*.
*******
**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**
4.        This court finds that the foregoing sanctions are limited to what is sufficient to deter repetition of the sanctioned conduct practiced in this suit by Unifund CCR Partners.

create a presumption that components not expressed are excluded." TEX. GOV'T CODE ANN. § 311.005(13) (Vernon 2005); *see also Brown v. Villegas*, 202 S.W.3d 803, 805-06 (Tex. App.—San Antonio 2006, no pet.) (noting use of term "include" is expansive). Therefore, the sanctions listed in section 10.004(c) are not exclusive and would not preclude the trial court from imposing a monetary sanction that would include, in part, a party's costs for inconvenience and harassment.[6]

Finally, one of the dissenting opinions criticizes the majority for misconstruing *Low*, asserting, "*Low* was a penalty case under section 10.004(c)(2), and the factors identified by the *Low* court are those to be considered with assessing 'penalties' under Chapter 10, not costs, out-of-pocket expenses, and attorneys' fees, all of which are quantifiable based on evidence." We disagree. *Low* lists the factors a trial court should consider in imposing sanctions under Chapter 10, not exclusively in imposing a penalty under section 10.004(c)(2). This is evident in the *Low* court's citation to Justice Gonzalez's concurring opinion in *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 920-21 (Tex. 1991) (Gonzalez, J., concurring), in which Justice Gonzalez was suggesting factors that are appropriate for a trial court to consider in imposing or denying sanctions under Rule 215 of the Texas Rules of Civil Procedure. *See also Hemphill v. Hummell*, No. 13-05-00515-CV, 2008 WL 2930194, at *6-7 (Tex. App.—Corpus Christi July 31, 2008, no pet. h.) (applying *Low* factors to sanction awarded under Rule 13). Although *Low* may have been a case analyzing whether the trial court abused its discretion in the amount of the section 10.004(c)(2) penalty the trial court

---

[6]We recognize that the Houston court cited an opinion by this court questioning whether section 10.004 would allow a trial court to dismiss a case with prejudice as a sanction, as opposed to a monetary sanction. *See Sterling*, 99 S.W.3d at 798 (citing *Herring v. Welborn*, 27 S.W.3d 132, 145 (Tex. App.—San Antonio 2000, pet. denied)). In *Herring*, however, we were not questioning the authority to impose a monetary sanction, we were not convinced that the trial court intended to dismiss the cause with prejudice as a sanction, and we noted that even if dismissal with prejudice was a viable sanction, the trial court abused its discretion in imposing such a sanction. 27 S.W.3d at 145. Our decision in *Herring*, therefore, should not be read as holding that the sanctions listed in section 10.004(c) are an exclusive list.

imposed as a sanction, the factors listed in *Low* for consideration are applicable to a trial court's decision to impose any Chapter 10 sanction.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Justice