

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-349-CV

IN THE INTEREST OF M.I.L.,
A CHILD

------------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

In a single issue, Appellant James Shannon Logan challenges the portion of the trial court's May 21, 2008 final judgment that requires him to pay $38,000 in reasonable and necessary attorney's fees to the attorney for Appellees Hui Chuan Chiang and Peter Riley as a sanction pursuant to chapter 10 of the civil practice and remedies code. For the reasons set forth below, we will affirm.

------------

[1] *See* Tex. R. App. P. 47.4.

## II. BACKGROUND

Logan and Chiang divorced in 2003. Subsequently, the trial court granted a new trial as to conservatorship, support, and visitation of Logan and Chiang's child, M.I.L.[2] The parties reached a mediated settlement as to those issues, and the trial court signed a November 16, 2004 order in the suit affecting the parent-child relationship disposing of the suit in accordance with the parties' agreement. Chiang appealed that judgment, and this court affirmed it. *See Logan v. Logan*, No. 02-05-00068-CV, 2006 WL 2167164, at *6 (Tex. App.—Fort Worth Aug. 3, 2006, pet. denied) (mem. op.).

The present dispute arose when, in October 2006, Logan filed a "Motion For Enforcement And Order To Appear" and an "Original Petition For Interference With Possessory Interest In Children," both claiming that Appellees had violated the November 16, 2004 order.[3] In Logan's "Motion For Enforcement And Order to Appear," he listed twenty-six dates on which Chiang allegedly denied him possession of his child, twenty-six dates on which Chiang allegedly denied him telephone access to his child, twenty-one dates on which

---

[2] Although Logan and Chiang have three children together, only M.I.L. remained a minor at the time of the proceeding at issue.

[3] This SAPCR proceeding was contentious. Numerous other pleadings and motions were filed, but these are the two primarily relied upon by Appellees and the trial court in ordering Logan to pay $38,000 to Appellees' attorney as sanctions under civil practice and remedies code chapter 10.

2

Chiang allegedly consumed alcoholic beverages around M.I.L. (while at home, at restaurants, on airplanes, or out of state on vacations), and seventeen dates on which Riley[4] allegedly consumed alcoholic beverages around M.I.L. (while at home, at restaurants, on airplanes, or out of state on vacations).  Logan requested that "Respondent be held in contempt, jailed, and fined for each violation alleged above," that "Respondent be confined in the county jail for eighteen months or until Respondent complies with the order of the Court," and that "Respondent be placed on community supervision for ten years on release from jail or suspension of commitment."  Logan attached an affidavit to the motion outlining these facts and swearing that his allegations against Appellees were true.

   Logan's "Original Petition For Interference With Possessory Interest In Children," which also had his affidavit attached, repeated his claims for denied possession, denied telephone access, and alcoholic beverage consumption by Appellees.  "As the result of the wrongful and unlawful actions of [Appellees,]" Logan also sought recovery of damages under chapter 42 of the Texas Family Code.

---

[4] Chiang is now married to Riley.

Appellees filed answers denying the allegations in Logan's motion for enforcement and the original petition for interference with possessory interest of M.I.L. Appellees also filed a motion seeking sanctions pursuant to chapter 10 of the civil practice and remedies code and to recover attorney's fees and costs under section 42.009 of the family code. Appellees alleged that they had in no way taken or retained possession of M.I.L. or concealed M.I.L.'s whereabouts. They pointed out that the provisions of the November 16, 2004 order did not mandate telephone access to M.I.L. and only prohibited them from "*leaving* the children with anyone who is in possession [of] or who has consumed alcoholic beverages." [Emphasis added.] Appellees' motion for sanctions also pointed out "that in the trial of a 2005 contempt motion, [Logan] made this very same allegation [regarding telephone access], which was dismissed by the Court by a directed verdict delivered in open court."

Subsequently, Appellees filed a combined traditional and no-evidence motion for summary judgment. They argued that Logan in his two pleadings had made approximately 270 meritless allegations that Appellees had violated the trial court's November 16, 2004 order. Logan filed a summary judgment response, arguing that a genuine issue of material fact existed as to whether he was denied possession of and telephone access to M.I.L. and as to whether Appellees had consumed alcoholic beverages around M.I.L. Appellees asserted

4

objections to Logan's summary judgment evidence, and the trial court sustained them. The trial court thereafter signed a summary judgment for Appellees on all of Logan's allegations "except for an allegation concerning an incident on 9-14-06."

The trial court conducted a hearing on Logan's motion to enforce and on Appellees' motion for sanctions. At the outset of Logan's testimony, the trial court found that family code chapter 42 applies only to aiding and abetting kidnaping and "that none of the allegations contained in Mr. Logan's motion come even close to that, so I'm going to find there is no cause of action there as a matter of law." The trial court then limited the hearing to, among other things, the only remaining pending allegation — the September 14, 2006 incident and the sanctions issue. When Logan attempted to bring up other claims that he had alleged for purported interference with his possessory interest in M.I.L., the trial court explained that those claims "were gone"; summary judgment had been granted for Appellees. The trial court also sustained Appellees' objections when Logan tried to reassert his phone interference and drinking claims; those too had been disposed of by the trial court's summary judgment. In response to Appellees' motion for sanctions, Logan testified that he had brought the case against Appellees on behalf of his children and based on information that they had provided to him; he felt the suit was necessary for the children's safety.

5

One week after the hearing, the trial court notified the parties by letter that it was granting Appellees' request for sanctions pursuant to chapter 10 of the civil practice and remedies code based on Logan's frivolous filings. Approximately seven months later, the trial court signed an "Order in Suit Affecting Parent-Child Relationship," stating, in part,

> After a final hearing and having reviewed the evidence, the pleadings and responses, it is ORDERED that Hui Chuan Chiang and Peter Riley's request for sanctions pursuant to Section 10 of the Texas Civil Practice and Remedies Code against James Shannon Logan for frivolous filings is GRANTED. The basis of the court's sanctions are as follows: The Court specifically finds that the claims filed by James Shannon Logan supported by his affidavit against Hui Chuan Chiang and Peter Riley under Chapter 42 of the Texas Family Code were not warranted by any reasonable reading of that chapter as applied to the facts as alleged by James Shannon Logan and are frivolous, unreasonable, and without foundation. The Court further finds that James Shannon Logan asserted these claims for an improper purpose, including to harass or cause unnecessary delay or needless increase in the cost of litigation and the claims are not warranted by existing law or were frivolous arguments for the extension, modification, reversal, of existing law or the establishment of new law. Further, James Shannon Logan's pleadings and affidavit do not have evidentiary support and were not likely to have evidentiary support after a reasonable opportunity for investigation and discovery. The Court finds that James Shannon Logan submitted affidavits which were false and misleading, made unreasonable demands for purposes of harassment, and asserted claims that were baseless. The Court finds that sanctions are necessary to deter future actions by James Shannon Logan. The Court finds the amount of the sanctions is necessary to satisfy the legitimate purposes of the sanctions. In considering the amount of the sanctions, the Court considered the bad faith of James Shannon Logan, his degree of willfulness, vindictiveness, and frivolousness involved in the litigation, the

6

knowledge, experience, and expertise of James Shannon Logan, his prior conduct, the reasonableness and necessity of the out-of-pocket expenses incurred by Hui Chuan Chiang and Peter Riley as a result of James Shannon Logan's misconduct, the nature and extent of the prejudice, apart from out-of-pocket expenses, suffered by Hui Chuan Chiang and Peter Riley as a result of James Shannon Logan's misconduct, the risk of chilling the specific type of litigation involved, the impact of the sanction on James Shannon Logan and the impact of the sanction on Hui Chuan Chiang and Peter Riley, the relative magnitude of the sanction necessary to achieve the goals of the sanction, the burdens on the court system attributable to the misconduct of James Shannon Logan, and the degree to which Hui Chuan Chiang and Peter Riley's own behavior caused the expenses for which recovery is sought.

The trial court thereafter signed a judgment against Logan in the amount of $38,000 for reasonable and necessary attorney's fees incurred by Appellees.

Logan's motion for new trial was overruled by operation of law, and he perfected this appeal complaining of the sanctions award.

### III. TRIAL COURT DID NOT ABUSE ITS DISCRETION BY ORDERING SANCTIONS

In Logan's sole issue, he argues that the sanctions award should be vacated because (1) Appellees failed to put on any evidence to support their request for sanctions, (2) the judgment does not specifically detail the sanctionable conduct or explain the basis for the sanctions imposed, and (3) the sanctions were improperly assessed against Logan, rather than his trial counsel.

We review sanctions orders under an abuse of discretion standard. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). An appellate court may reverse

7

the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.*; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We review the entire record to determine whether the imposition of sanctions constitutes an abuse of discretion. *Herring v. Wellborn*, 27 S.W.3d 132, 143 (Tex. App.—San Antonio 2000, pet. denied). To determine if the sanctions were appropriate or just, we must ensure there is a direct nexus between the improper conduct and the sanction imposed. *Low*, 221 S.W.3d at 614.

Here, Logan's argument that Appellees failed to put on any evidence to support their request for sanctions views the hearing on the motion to enforce in a vacuum, rather than viewing the record as a whole as we are required to do. At that hearing, Appellees' attorney explained to the trial court that the motion for sanctions was based on Logan's testimony, on the frivolous pleadings on which the trial court had granted summary judgment, and on Logan's pattern of conduct. Appellees' attorney stated,

> Your Honor, the Court is well aware of the motion for summary judgment we filed, and you granted each ground and every basis for which we filed it for. Also, Mr. Logan swore to both pleadings and inside those pleadings stated that he had, under oath to that, and he testified to such things as drinking on airplanes when he wasn't there. How could he possibly have known those things?

8

It's the frivolous nature of repeating for the second time a claim for denied telephone access when this Court had previously ruled as a matter of law that that was not a provision that's enforceable by contempt, listing multiple claims against Peter Riley and seeking exemplary damages against Mr. Riley and an injunction against Mr. Riley based on Chapter 42, which is the kidnaping chapter.

We have this repeated pattern of coming back to court on these grounds and on these bases. I think the pleadings and the results that have been obtained speak for themselves for the most part, as well as them being sworn to under oath for something he could personally not have personal knowledge of, constituting perjury.

On those grounds, we think those violate both the Civil Practice & Remedies Code and the Rules of Civil Procedure Rule 13.

Thus, when the trial court imposed sanctions against Logan, it was familiar with the parties' multi-year battle,[5] had already ruled on Appellees' summary judgment motion, had already found as a matter of law that Logan possessed no claims under chapter 42 of the family code, had already ruled on Logan's telephone interference claims and drinking claims, and had reviewed Logan's affidavit that purportedly supported both his motion to enforce and his petition for interference. Looking at the entire record, as we must, the trial court had sufficient evidence before it to substantiate Appellees' motion for sanctions based on the frivolousness of Logan's filings. *See, e.g., Low,* 221

---

[5] During the hearing, the trial court took judicial notice of the November 16, 2004 order.

S.W.3d at 617 (recognizing that chapter 10 requires that "[e]ach allegation and factual contention in a pleading or motion must have, or be likely to have, evidentiary support after a reasonable investigation" and upholding sanctions award based on pleading that "certified that all the allegations in the petition had evidentiary support, or were likely to have evidentiary support, when some allegations did not"); *Unifund CCR Partners v. Villa*, 273 S.W.3d 385, 389 (Tex. App.—San Antonio 2008, pet. filed) (upholding trial court's chapter 10 sanctions award after it determined that Unifund's purported dispute about the discharge of the debt sued on was not "formed after reasonable inquiry" or "warranted by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law"); *see also Randolph v. Jackson Walker, L.L.P.*, 29 S.W.3d 271, 277–78 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (upholding trial court's rule 13 sanction award based on trial court's resolution of factual determination that appellants' pleadings were, at the time they were filed, groundless and brought for the purpose of harassment).

With regard to Logan's argument that the sanctions order does not specifically detail the sanctionable conduct or explain the basis for the sanctions

imposed, Logan did not object in the trial court on this ground.[6] *See Spiller v. Spiller*, 21 S.W.3d 451, 456 (Tex. App.—San Antonio 2000, no pet.) (stating that because appellant did not call to the trial court's attention its failure to include findings required under chapter 10, appellate court would not consider argument as a basis for reversal). *But see Spitaleri v. Estate of Dominguez*, No. 04-04-00441-CV, 2005 WL 2988732, at *3 (Tex. App.—San Antonio Nov. 9, 2005, pet. denied) (mem. op.) (holding that trial court's failure to state the particulars justifying sanction awards was abuse of discretion requiring appellate court to reverse and remand because appellants had brought deficiency to trial court's attention in a request for findings of fact and conclusions of law, in a notice of past due findings, and in a motion for new trial).

We alternatively hold that, in any event, the trial court's order *does* specifically set forth the sanctionable conduct by Logan. *Cf. Randolph*, 29 S.W.3d at 278 (holding that trial court complied with rule 13's requirement that the order state the particulars supporting the good cause for which the sanctions were imposed). The trial court specifically found that "that the claims

---

[6] Logan's motion for new trial broadly complained that the trial court erred by ordering him "to pay a sanction of $38,000 in attorneys' fees to [Appellees' attorney] pursuant to Chapter 10 of the Civil Practice and Remedies Code."

filed by James Shannon Logan supported by his affidavit against Hui Chuan Chiang and Peter Riley under Chapter 42 of the Texas Family Code were not warranted by any reasonable reading of that chapter as applied to the facts as alleged by James Shannon Logan and are frivolous, unreasonable, and without foundation." The trial court further specifically found that these claims were asserted by Logan "for an improper purpose, including to harass or cause unnecessary delay or needless increase in the cost of litigation and the claims are not warranted by existing law or were frivolous arguments for the extension, modification, reversal, of existing law or the establishment of new law." The trial court also found that "Logan's pleadings and affidavit do not have evidentiary support and were not likely to have evidentiary support after a reasonable opportunity for investigation and discovery" and that Logan "submitted affidavits which were false and misleading, made unreasonable demands for purposes of harassment, and asserted claims that were baseless." These findings, stated in the order assessing Appellees' attorney's fees against Logan as a sanction under chapter 10 of the civil practice and remedies code, are sufficiently specific to satisfy the requisites of chapter 10. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.005 (Vernon 2002); *State Office of Risk Mgmt. v. Foutz*, 279 S.W.3d 826, 837 (Tex. App.—Eastland 2009, pet. filed) (holding

that trial court findings similar to those here were sufficiently specific to satisfy chapter 10).

With regard to Logan's argument that the trial court should have imposed any sanctions award against Logan's trial counsel instead of Logan, section 10.004 authorizes a trial court to impose a sanction on a person who has signed a pleading in violation of section 10.001. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.005. The record here establishes that it was Logan, not his trial counsel, who signed the affidavits—specifically mentioned in the trial court's sanction order—averring that he, Logan, had personal knowledge of the allegations he made that Appellees had violated the trial court's November 16, 2004 order approximately 270 times. Thus, the trial court possessed authority and discretion to sanction Logan instead of his trial counsel because Logan signed the affidavits on which his pleadings were based. *See id.*; *TransAm. Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (stating that a lawyer cannot shield his client from sanctions). Additionally, Logan testified at the hearing that he was satisfied with his trial counsel's performance, refuting his present attempt to place responsibility for the sanctions award on his trial counsel. In summary, after reviewing the entire record, we hold that

13

the trial court did not abuse its discretion by imposing sanctions against Logan individually.[7] *See Herring*, 27 S.W.3d at 143.

And finally, the sanctions imposed by the trial court on Logan—as expressly set forth in the order—directly related to the abuse it found Logan had committed. *See TransAm. Natural Gas Corp*., 811 S.W.2d at 917 (stating that "[t]he point is, the sanctions the trial court imposes must relate directly to the abuse found"). A trial court is expressly authorized to enter an order requiring a person who has signed a pleading in violation of section 10.001 "to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading . . ., including reasonable attorney's fees." Tex. Civ. Prac. & Rem. Code Ann. § 10.004(b)(3). Appellees' attorney testified that Appellees had incurred attorney's fees in the amount of $38,362

---

[7] To the extent that Logan argues under this subissue that Appellees failed to segregate their attorney's fees, we question whether segregation is required in a case such as this. Chapter 10 expressly authorizes a sanction award in the amount of expenses and attorney's fees incurred as a result of the pleading that violated chapter 10; and here, the pleadings that violated chapter 10 were the initial, primary pleadings in the case. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.004(b)(3) (Vernon 2002). Thus, it would appear that all Appellees' expenses and attorney's fees were incurred as a result of the pleadings found to violate chapter 10. But, in any event, Logan has waived any segregation complaint because it was not asserted in the trial court. *See* Tex. R. App. P. 33.1; *Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex. 1988) (holding that party opposing award of attorney's fees must object to failure to segregate fees in order to preserve issue for appellate review).

and expenses of $2,071.23 in the defense of Logan's claims and in pursuit of their sanctions motion. An exhibit offered by Appellees' attorney and admitted into evidence itemized each action taken on the case by Appellees' attorney and the amount of time billed for the action, providing totals in the amounts indicated. Thus, the trial court did not abuse its discretion by determining that $38,000 in attorney's fees incurred by Appellees was reasonable and was necessitated as a result of Logan's frivolous affidavit that formed the factual basis for his "Motion For Enforcement and Order to Appear" and "Original Petition For Interference With Possessory Interest in Children."

Having addressed each of Logan's complaints concerning the sanctions award, we overrule his sole issue.

## IV. CONCLUSION

Having overruled Logan's sole issue, we affirm the trial court's judgment.


SUE WALKER
JUSTICE

PANEL: LIVINGSTON, WALKER, and MEIER, JJ.

DELIVERED: June 18, 2009

15