COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-349-CV

 

 

IN THE
INTEREST OF M.I.L., 

A CHILD

 

                                              ------------

 

           FROM THE 325TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

                                                    

                                              ------------

                                          I.  INTRODUCTION

In a single issue, Appellant James Shannon Logan
challenges the portion of the trial court=s May
21, 2008 final judgment that requires him to pay $38,000 in reasonable and
necessary attorney=s fees to the attorney for
Appellees Hui Chuan Chiang and Peter Riley as a sanction pursuant to chapter 10
of the civil practice and remedies code. 
For the reasons set forth below, we will affirm.








                                          II.  BACKGROUND

Logan and Chiang divorced in 2003.  Subsequently, the trial court granted a new
trial as to conservatorship, support, and visitation of Logan and Chiang=s child,
M.I.L.[2]  The parties reached a mediated settlement as
to those issues, and the trial court signed a November 16, 2004 order in the
suit affecting the parent-child relationship disposing of the suit in
accordance with the parties=
agreement.  Chiang appealed that
judgment, and this court affirmed it.  See
Logan v. Logan, No. 02-05-00068-CV, 2006 WL 2167164, at *6 (Tex. App.CFort
Worth Aug. 3, 2006, pet. denied) (mem. op.).








The present dispute arose when, in October 2006,
Logan filed a AMotion For Enforcement And Order
To Appear@ and an AOriginal
Petition For Interference With Possessory Interest In Children,@ both
claiming that Appellees had violated the November 16, 2004 order.[3]  In Logan=s AMotion
For Enforcement And Order to Appear,@ he
listed twenty-six dates on which Chiang allegedly denied him possession of his
child, twenty-six dates on which Chiang allegedly denied him telephone access
to his child, twenty-one dates on which Chiang allegedly consumed alcoholic
beverages around M.I.L. (while at home, at restaurants, on airplanes, or out of
state on vacations), and seventeen dates on which Riley[4]
allegedly consumed alcoholic beverages around M.I.L. (while at home, at
restaurants, on airplanes, or out of state on vacations).  Logan requested that ARespondent
be held in contempt, jailed, and fined for each violation alleged above,@ that ARespondent
be confined in the county jail for eighteen months or until Respondent complies
with the order of the Court,@ and
that ARespondent
be placed on community supervision for ten years on release from jail or
suspension of commitment.@ 
Logan attached an affidavit to the motion outlining these facts and
swearing that his allegations against Appellees were true.

Logan=s AOriginal
Petition For Interference With Possessory Interest In Children,@ which
also had his affidavit attached, repeated his claims for denied possession,
denied telephone access, and alcoholic beverage consumption by Appellees.  AAs the
result of the wrongful and unlawful actions of [Appellees,]@ Logan
also sought recovery of damages under chapter 42 of the Texas Family Code.








Appellees filed answers denying the allegations
in Logan=s motion
for enforcement and the original petition for interference with possessory
interest of M.I.L.  Appellees also filed
a motion seeking sanctions pursuant to chapter 10 of the civil practice and
remedies code and to recover attorney=s fees
and costs under section 42.009 of the family code.  Appellees alleged that they had in no way
taken or retained possession of M.I.L. or concealed M.I.L.=s
whereabouts.  They pointed out that the
provisions of the November 16, 2004 order did not mandate telephone access to
M.I.L. and only prohibited them from Aleaving the
children with anyone who is in possession [of] or who has consumed alcoholic
beverages.@ [Emphasis added.]  Appellees= motion
for sanctions also pointed out Athat in
the trial of a 2005 contempt motion, [Logan] made this very same allegation
[regarding telephone access], which was dismissed by the Court by a directed
verdict delivered in open court.@ 








Subsequently, Appellees filed a combined
traditional and no-evidence motion for summary judgment.  They argued that Logan in his two pleadings
had made approximately 270 meritless allegations that Appellees had violated
the trial court=s November 16, 2004 order.  Logan filed a summary judgment response,
arguing that a genuine issue of material fact existed as to whether he was
denied possession of and telephone access to M.I.L. and as to whether Appellees
had consumed alcoholic beverages around M.I.L. 
Appellees asserted objections to Logan=s
summary judgment evidence, and the trial court sustained them.  The trial court thereafter signed a summary
judgment for Appellees on all of Logan=s
allegations Aexcept for an allegation
concerning an incident on 9-14-06.@

The trial court conducted a hearing on Logan=s motion
to enforce and on Appellees= motion
for sanctions.  At the outset of Logan=s
testimony, the trial court found that family code chapter 42 applies only to
aiding and abetting kidnaping and Athat
none of the allegations contained in Mr. Logan=s motion
come even close to that, so I=m going
to find there is no cause of action there as a matter of law.@  The trial court then limited the hearing to,
among other things, the only remaining pending allegationCthe
September 14, 2006 incident and the sanctions issue.  When Logan attempted to bring up other claims
that he had alleged for purported interference with his possessory interest in
M.I.L., the trial court explained that those claims Awere
gone@;
summary judgment had been granted for Appellees.  The trial court also sustained Appellees=
objections when Logan tried to reassert his phone interference and drinking
claims; those too had been disposed of by the trial court=s
summary judgment.  In response to
Appellees= motion for sanctions, Logan
testified that he had brought the case against Appellees on behalf of his
children and based on information that they had provided to him; he felt the
suit was necessary for the children=s
safety.








One week after the hearing, the trial court
notified the parties by letter that it was granting Appellees= request
for sanctions pursuant to chapter 10 of the civil practice and remedies code
based on Logan=s frivolous filings.  Approximately seven months later, the trial
court signed an AOrder in Suit Affecting
Parent-Child Relationship,@
stating, in part,








After a final hearing and having reviewed the evidence, the pleadings
and responses, it is ORDERED that Hui Chuan Chiang and Peter Riley=s request for sanctions
pursuant to Section 10 of the Texas Civil Practice and Remedies Code against James
Shannon Logan for frivolous filings is GRANTED. 
The basis of the court=s sanctions are as follows:  The Court specifically finds that the claims
filed by James Shannon Logan supported by his affidavit against Hui Chuan
Chiang and Peter Riley under Chapter 42 of the Texas Family Code were not
warranted by any reasonable reading of that chapter as applied to the facts as
alleged by James Shannon Logan and are frivolous, unreasonable, and without
foundation.  The Court further finds that
James Shannon Logan asserted these claims for an improper purpose, including to
harass or cause unnecessary delay or needless increase in the cost of
litigation and the claims are not warranted by existing law or were frivolous
arguments for the extension, modification, reversal, of existing law or the
establishment of new law.  Further, James
Shannon Logan=s pleadings and affidavit
do not have evidentiary support and were not likely to have evidentiary support
after a reasonable opportunity for investigation and discovery.  The Court finds that James Shannon Logan
submitted affidavits which were false and misleading, made unreasonable demands
for purposes of harassment, and asserted claims that were baseless.  The Court finds that sanctions are necessary
to deter future actions by James Shannon Logan. 
The Court finds the amount of the sanctions is necessary to satisfy the
legitimate purposes of the sanctions.  In
considering the amount of the sanctions, the Court considered the bad faith of
James Shannon Logan, his degree of willfulness, vindictiveness, and
frivolousness involved in the litigation, the knowledge, experience, and
expertise of James Shannon Logan, his prior conduct, the reasonableness and
necessity of the out-of-pocket expenses incurred by Hui Chuan Chiang and Peter
Riley as a result of James Shannon Logan=s misconduct, the nature and extent of the
prejudice, apart from out-of-pocket expenses, suffered by Hui Chuan Chiang and
Peter Riley as a result of James Shannon Logan=s misconduct, the risk of
chilling the specific type of litigation involved, the impact of the sanction
on James Shannon Logan and the impact of the sanction on Hui Chuan Chiang and
Peter Riley, the relative magnitude of the sanction necessary to achieve the
goals of the sanction, the burdens on the court system attributable to the
misconduct of James Shannon Logan, and the degree to which Hui Chuan Chiang and
Peter Riley=s own behavior caused the
expenses for which recovery is sought. 

 

The trial court thereafter signed a judgment against Logan in the
amount of $38,000 for reasonable and necessary attorney=s fees
incurred by Appellees.

Logan=s motion
for new trial was overruled by operation of law, and he perfected this appeal
complaining of the sanctions award.

       III.  TRIAL COURT DID NOT ABUSE ITS DISCRETION BY ORDERING SANCTIONS

In Logan=s sole
issue, he argues that the sanctions award should be vacated because (1)
Appellees failed to put on any evidence to support their request for sanctions,
(2) the judgment does not specifically detail the sanctionable conduct or
explain the basis for the sanctions imposed, and (3) the sanctions were
improperly assessed against Logan, rather than his trial counsel.








We review sanctions orders under an abuse of
discretion standard.  Low v. Henry,
221 S.W.3d 609, 614 (Tex. 2007).  An
appellate court may reverse the trial court=s ruling
only if the trial court acted without reference to any guiding rules and principles,
such that its ruling was arbitrary or unreasonable.  Id.; Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241B42 (Tex.
1985).  We review the entire record to
determine whether the imposition of sanctions constitutes an abuse of
discretion.  Herring v. Wellborn,
27 S.W.3d 132, 143 (Tex. App.CSan
Antonio 2000, pet. denied).  To determine
if the sanctions were appropriate or just, we must ensure there is a direct
nexus between the improper conduct and the sanction imposed.  Low, 221 S.W.3d at 614.

Here, Logan=s
argument that Appellees failed to put on any evidence to support their request
for sanctions views the hearing on the motion to enforce in a vacuum, rather
than viewing the record as a whole as we are required to do.  At that hearing, Appellees=
attorney explained to the trial court that the motion for sanctions was based
on Logan=s
testimony, on the frivolous pleadings on which the trial court had granted
summary judgment, and on Logan=s
pattern of conduct.  Appellees=
attorney stated,

Your Honor, the Court is well aware of the motion for summary judgment
we filed, and you granted each ground and every basis for which we filed it
for.  Also, Mr. Logan swore to both
pleadings and inside those pleadings stated that he had, under oath to that,
and he testified to such things as drinking on airplanes when he wasn=t there.  How could he possibly have known those
things?








It=s the frivolous nature of
repeating for the second time a claim for denied telephone access when this
Court had previously ruled as a matter of law that that was not a provision
that=s enforceable by
contempt, listing multiple claims against Peter Riley and seeking exemplary
damages against Mr. Riley and an injunction against Mr. Riley based on Chapter
42, which is the kidnaping chapter.

We have this repeated pattern of coming back to court on these grounds
and on these bases.  I think the
pleadings and the results that have been obtained speak for themselves for the
most part, as well as them being sworn to under oath for something he could
personally not have personal knowledge of, constituting perjury.

On those grounds, we think those
violate both the Civil Practice & Remedies Code and the Rules of Civil
Procedure Rule 13. 








Thus, when the trial court imposed sanctions
against Logan, it was familiar with the parties= multi-year
battle,[5]
had already ruled on Appellees= summary
judgment motion, had already found as a matter of law that Logan possessed no
claims under chapter 42 of the family code, had already ruled on Logan=s
telephone interference claims and drinking claims, and had reviewed Logan=s
affidavit that purportedly supported both his motion to enforce and his
petition for interference.  Looking at
the entire record, as we must, the trial court had sufficient evidence before
it to substantiate Appellees= motion
for sanctions based on the frivolousness of Logan=s
filings.  See, e.g., Low, 221
S.W.3d at 617 (recognizing that chapter 10 requires that A[e]ach
allegation and factual contention in a pleading or motion must have, or be
likely to have, evidentiary support after a reasonable investigation@ and
upholding sanctions award based on pleading that Acertified
that all the allegations in the petition had evidentiary support, or were
likely to have evidentiary support, when some allegations did not@); Unifund
CCR Partners v. Villa, 273 S.W.3d 385, 389 (Tex. App.CSan
Antonio 2008, pet. filed) (upholding trial court=s
chapter 10 sanctions award after it determined that Unifund=s
purported dispute about the discharge of the debt sued on was not Aformed
after reasonable inquiry@ or Awarranted
by existing law or a nonfrivolous argument for the extension, modification or
reversal of existing law or the establishment of new law@); see
also Randolph v. Jackson Walker, L.L.P., 29 S.W.3d 271, 277B78 (Tex.
App.CHouston
[14th Dist.] 2000, pet. denied) (upholding trial court=s rule
13 sanction award based on trial court=s
resolution of factual determination that appellants=
pleadings were, at the time they were filed, groundless and brought for the
purpose of harassment).








With regard to Logan=s
argument that the sanctions order does not specifically detail the sanctionable
conduct or explain the basis for the sanctions imposed, Logan did not object in
the trial court on this ground.[6]  See Spiller v. Spiller, 21 S.W.3d 451,
456 (Tex. App.CSan Antonio 2000, no pet.)
(stating that because appellant did not call to the trial court=s
attention its failure to include findings required under chapter 10, appellate
court would not consider argument as a basis for reversal).  But see Spitaleri v. Estate of Dominguez,
No. 04-04-00441-CV, 2005 WL 2988732, at *3 (Tex. App.CSan
Antonio Nov. 9, 2005, pet. denied) (mem. op.) (holding that trial court=s
failure to state the particulars justifying sanction awards was abuse of
discretion requiring appellate court to reverse and remand because appellants
had brought deficiency to trial court=s
attention in a request for findings of fact and conclusions of law, in a notice
of past due findings, and in a motion for new trial).













We alternatively hold that, in any event, the
trial court=s order does specifically
set forth the sanctionable conduct by Logan. 
Cf. Randolph, 29 S.W.3d at 278 (holding that trial court
complied with rule 13=s requirement that the order
state the particulars supporting the good cause for which the sanctions were
imposed).  The trial court specifically
found that Athat the claims filed by James
Shannon Logan supported by his affidavit against Hui Chuan Chiang and Peter
Riley under Chapter 42 of the Texas Family Code were not warranted by any
reasonable reading of that chapter as applied to the facts as alleged by James
Shannon Logan and are frivolous, unreasonable, and without foundation.@  The trial court further specifically found
that these claims were asserted by Logan Afor an
improper purpose, including to harass or cause unnecessary delay or needless
increase in the cost of litigation and the claims are not warranted by existing
law or were frivolous arguments for the extension, modification, reversal, of
existing law or the establishment of new law.@  The trial court also found that ALogan=s
pleadings and affidavit do not have evidentiary support and were not likely to
have evidentiary support after a reasonable opportunity for investigation and
discovery@ and that Logan Asubmitted
affidavits which were false and misleading, made unreasonable demands for
purposes of harassment, and asserted claims that were baseless.@  These findings, stated in the order assessing
Appellees= attorney=s fees
against Logan as a sanction under chapter 10 of the civil practice and remedies
code, are sufficiently specific to satisfy the requisites of chapter 10.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 10.005
(Vernon 2002); State Office of Risk Mgmt. v. Foutz, 279 S.W.3d 826, 837
(Tex. App.CEastland 2009, pet. filed)
(holding that trial court findings similar to those here were sufficiently
specific to satisfy chapter 10).








With regard to Logan=s
argument that the trial court should have imposed any sanctions award against
Logan=s trial
counsel instead of Logan, section 10.004 authorizes a trial court to impose a
sanction on a person who has signed a pleading in violation of section
10.001.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 10.005.  The record here establishes that it was
Logan, not his trial counsel, who signed the affidavitsCspecifically
mentioned in the trial court=s
sanction orderCaverring that he, Logan, had
personal knowledge of the allegations he made that Appellees had violated the
trial court=s November 16, 2004 order
approximately 270 times.  Thus, the trial
court possessed authority and discretion to sanction Logan instead of his trial
counsel because Logan signed the affidavits on which his pleadings were based.  See id.; TransAm. Natural Gas Corp.
v. Powell, 811 S.W.2d 913, 917 (Tex. 1991) (stating that a lawyer cannot
shield his client from sanctions). 
Additionally, Logan testified at the hearing that he was satisfied with
his trial counsel=s performance, refuting his
present attempt to place responsibility for the sanctions award on his trial
counsel.  In summary, after reviewing the
entire record, we hold that the trial court did not abuse its discretion by
imposing sanctions against Logan individually.[7]  See Herring, 27 S.W.3d at 143.








And finally, the sanctions imposed by the trial
court on LoganCas expressly set forth in the
orderCdirectly
related to the abuse it found Logan had committed.  See TransAm. Natural Gas Corp., 811
S.W.2d at 917 (stating that A[t]he
point is, the sanctions the trial court imposes must relate directly to the
abuse found@).  A trial court is expressly authorized to
enter an order requiring a person who has signed a pleading in violation of
section 10.001 Ato pay to the other party the
amount of the reasonable expenses incurred by the other party because of the
filing of the pleading . . ., including reasonable attorney=s fees.@  Tex. Civ. Prac. & Rem. Code Ann. '
10.004(b)(3).  Appellees=
attorney testified that Appellees had incurred attorney=s fees
in the amount of $38,362 and expenses of $2,071.23 in the defense of Logan=s claims
and in pursuit of their sanctions motion. 
An exhibit offered by Appellees=
attorney and admitted into evidence itemized each action taken on the case by
Appellees= attorney and the amount of time
billed for the action, providing totals in the amounts indicated.  Thus, the trial court did not abuse its
discretion by determining that $38,000 in attorney=s fees
incurred by Appellees was reasonable and was necessitated as a result of Logan=s
frivolous affidavit that formed the factual basis for his AMotion
For Enforcement and Order to Appear@ and AOriginal
Petition For Interference With Possessory Interest in Children.@

Having addressed each of Logan=s
complaints concerning the sanctions award, we overrule his sole issue.

                                          IV.  CONCLUSION

Having overruled Logan=s sole
issue, we affirm the trial court=s
judgment.

 

 

SUE
WALKER

JUSTICE

 

PANEL: LIVINGSTON,
WALKER, and MEIER, JJ.

 

DELIVERED:  June 18, 2009











[1]See Tex. R. App. P. 47.4.





[2]Although Logan and Chiang
have three children together, only M.I.L. remained a minor at the time of the
proceeding at issue.





[3]This SAPCR proceeding was
contentious.  Numerous other pleadings
and motions were filed, but these are the two primarily relied upon by
Appellees and the trial court in ordering Logan to pay $38,000 to Appellees= attorney as sanctions
under civil practice and remedies code chapter 10.





[4]Chiang is now married to
Riley.





[5]During the hearing, the
trial court took judicial notice of the November 16, 2004 order.





[6]Logan=s motion for new trial
broadly complained that the trial court erred by ordering him Ato pay a sanction of
$38,000 in attorneys= fees to [Appellees= attorney] pursuant to
Chapter 10 of the Civil Practice and Remedies Code.@





[7]To the extent that Logan
argues under this subissue that Appellees failed to segregate their attorney=s fees, we question
whether segregation is required in a case such as this.  Chapter 10 expressly authorizes a sanction
award in the amount of expenses and attorney=s fees incurred as a result of the pleading that
violated chapter 10; and here, the pleadings that violated chapter 10 were the
initial, primary pleadings in the case.  See Tex. Civ. Prac. & Rem. Code Ann. ' 10.004(b)(3)
(Vernon 2002).  Thus, it would appear
that all Appellees= expenses and attorney=s fees were incurred as a
result of the pleadings found to violate chapter 10.  But, in any event, Logan has waived any
segregation complaint because it was not asserted in the trial court.  See Tex. R. App. P. 33.1; Hruska v.
First State Bank of Deanville, 747 S.W.2d 783, 785 (Tex. 1988) (holding
that party opposing award of attorney=s fees 
must object to failure to segregate fees in order to preserve issue for
appellate review).