**Gwendolyn STERLING, Hazel Clayborne, Nikki Sterling, and Kindell Carrier, Appellants,**

**v.**

**Michael ALEXANDER, Appellee.**

**No. 14–01–00566–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 13, 2003.

---

Okon J. Usoro, Houston, for appellants.

Timothy T. Tunks, Houston, for appellees.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

O.J. Usoro represented Gwendolyn Sterling, Hazel Clayborne, Nikki Sterling, and Kindell Carrier in a personal injury lawsuit. He appeals from the trial court's imposition of sanctions against him pursuant to chapter 10 of the Civil Practice and Remedies Code for filing a frivolous lawsuit. TEX. CIV. PRAC. & REM.CODE ANN. § 10.001–.006 (Vernon 2002). The trial court's sanctions order included a $3,340 penalty to be paid into the registry of the court for the use and benefit of Nikki Sterling and Kindell Carrier. In two issues, Usoro contends: (1) the motion for

sanctions was defective; and (2) the trial court erred in ordering that the penalty be paid into the court's registry for the use and benefit of Usoro's clients. Because we find the trial court erred in ordering that the penalty be deposited for the use and benefit of individuals, we reverse and remand.

## I. FACTUAL BACKGROUND

On September 24, 1996, Gwendolyn Sterling was involved in an automobile collision with Michael Alexander. Hazel Clayborne, and two minors, Nikki Sterling and Kindell Carrier, were passengers in Sterling's vehicle. Five days after that accident, Gwendolyn Sterling, Nikki Sterling, and Kindell Carrier were involved in a subsequent collision with Allen Butler. O.J. Usoro filed claims with both Alexander's and Butler's insurance carriers on behalf of each of the occupants in the two collisions. Butler's insurer settled both the property and personal injury claims; however, Alexander's insurer only paid for the damage to the vehicle and refused to pay on the personal injury claims. Usoro filed suit against Alexander on behalf of each of the occupants. In his answer, Alexander moved for sanctions against Usoro on the basis that the lawsuit was frivolous.

Prior to trial, Nikki Sterling reached the age of majority. Because Carrier was a minor, the court appointed a guardian ad litem and an attorney ad litem to represent her. Sterling's and Carrier's claims were nonsuited before trial. Trial then proceeded solely on Hazel Clayborne's claims arising from the collision with Alexander. After the jury returned a finding of no liability in favor of Alexander, the trial court severed the sanctions issue.

At the hearing on the motion for sanctions, Alexander presented evidence demonstrating that the plaintiffs common to the suits against Alexander and Butler had alleged the same injuries to the same parts of their bodies as a result of each accident. None of the plaintiffs had received treatment prior to the Butler accident (the Alexander accident having preceded the Butler accident by five days). However, after the Butler accident, the plaintiffs common to both accidents sought medical treatment. To one health care provider, the common plaintiffs claimed they were injured in the Alexander collision, while to a second provider, they claimed their injuries were solely the result of the Butler accident. At the sanctions hearing, Alexander offered evidence demonstrating that on several occasions the plaintiffs claimed their injuries were solely the result of the Alexander accident, while at other times they alleged their injuries were solely the result of the Butler accident.

Based on the foregoing, the trial court sanctioned Usoro for filing frivolous pleadings. The court awarded defense counsel's attorney's fees, ad litem fees, various costs pertaining to the lawsuit, and a penalty to be paid by Usoro. Following a recommendation from Alexander's counsel, the trial court assessed Usoro's penalty at $3,340, the same amount of money previously paid by Butler in settlement of the two minors' personal injury claims. The trial judge ordered that the penalty be paid into the court's registry for the use and benefit of Nikki Sterling and Kindell Carrier. Based on the jury finding of no liability, the court also entered judgment in the underlying lawsuit. During mediation ordered by this court, the parties settled all issues except the propriety of the monetary sanctions penalty.

## II. DISCUSSION

### A. Sufficiency of Sanctions Motion

■ In his first issue, Usoro contends the motion for sanctions was defective because it did not specify the exact nature of the penalty sought. Chapter 10 of the

Civil Practice and Remedies Code permits sanctions for the filing of frivolous pleadings and motions. TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001–.006; *Univ. of Texas at Arlington v. Bishop*, 997 S.W.2d 350, 355 (Tex.App.-Fort Worth 1999, pet. denied). When a court determines a person has signed a pleading or motion in violation of section 10.001, it may impose a sanction on the person, a party represented by the person, or both. TEX. CIV. PRAC. & REM.CODE ANN. § 10.004(a). In exercising discretion by ordering sanctions, a trial court is limited by the Due Process Clause of the United States Constitution. *In re Bennett*, 960 S.W.2d 35, 40 (Tex.1997) (orig.proceeding); *Davila v. World Car Five Star*, 75 S.W.3d 537, 542–43 (Tex. App.-San Antonio 2002, no pet.). "Where an attorney fails to complain of the sanction and fails to ask the trial court to reconsider its actions, however, the attorney waives any complaint about the trial court's action." *Kiefer v. Cont'l Airlines, Inc.*, 10 S.W.3d 34, 41 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (finding sanctioned firm waived notice complaint in case after trial court sanctioned law firm for improperly calling two witnesses at motion for new trial hearing); *see also* TEX.R.APP. P. 33.1 (stating that to preserve error for appeal party must make timely and sufficiently specific objection in trial court); *Valdez v. Valdez*, 930 S.W.2d 725, 728 (Tex.App.-Houston [1st Dist.] 1996, no writ) (finding sanctioned attorney waived notice complaint for failure to argue point to trial court). We find appellant waived his objection to the trial court's sanction because he does not cite to any place in the record nor have we identified anything in the record where he preserved his argument.[1] *See* TEX.R.APP. P. 33.1; *Texas–Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 135 (Tex.App.-Texarkana 2000, no pet.) (holding that party waived objection to sanctions order by failing to urge it in trial court).

Furthermore, even if Usoro had preserved his complaint, we find that the trial court did not err in granting the motion for sanctions. We review a trial court's sanctions award for abuse of discretion. *Finlay v. Olive*, 77 S.W.3d 520, 524 (Tex.App.-Houston [1st Dist.] 2002, no pet.). The test is whether the court acted without reference to any guiding rules and principles, *i.e.*, whether the ruling was arbitrary and unreasonable. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985)). In a fairly detailed motion for sanctions, Alexander set forth facts establishing that: (1) the plaintiffs had requested damages for injuries which were the same injuries allegedly incurred in a separate accident that occurred a few days later; (2) the plaintiffs made unequivocal statements that their injuries resulted solely from the subsequent accident; and (3) the plaintiffs received compensation for their injuries (from Butler) prior to filing the instant suit. Regarding the legal basis for the sanctions, the motion states "the Plaintiffs' pleadings herein are frivolous, groundless and brought in bad faith, all in violation of Sections 9.001–9.014 and 10.001–10.006 of the Texas Civil Practice and Remedies Code, as well as Rule 13 of the Texas Rules of Civil Procedure."[2] Lastly, in the

---

1. No such arguments appear in the response to the motion for sanctions, the transcript of the hearing on the motion, or the motion for new trial.

2. The trial court's order awarded sanctions solely on chapter 10 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. §§ 10.001–.006. Under section 10.001,

> [t]he signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge,

request for relief, Alexander requested "[the] striking of Plaintiff's [sic] pleadings, attorney fees, costs of court, costs of a guardian ad litem, penalty to be paid into court, and such other and further relief to which Defendant may be entitled."

■ Usoro argues that the motion for sanctions does not specify the exact type of penalty sought and therefore cannot support the sanctions award. However, Usoro cites no authority requiring such disclosure. So long as the due process requirement of notice and hearing are satisfied, the only requirement of the motion contained in chapter 10 is that it must "[describe] the specific conduct violating Section 10.001." TEX. CIV. PRAC. & REM. CODE ANN. § 10.002(a); see also Bennett, 960 S.W.2d at 40 (holding due process was not violated where attorneys were given notice and an opportunity to be heard); Davila, 75 S.W.3d at 542–43 (stating due process requires notice and an opportunity to be heard). Section 10.003 contains a duty for the trial court to "provide a party who is the subject of a motion for sanctions under Section 10.002 notice of the allegations and a reasonable opportunity to respond to the allegations."

■ The exact nature of the penalty in any particular case may not become apparent until after the court has reviewed the motion, the response, and any other relevant materials. The statute provides a laundry list of possible sanctions a trial court may impose, including a directive to the violator to perform, or refrain from performing, an act, an order to pay a penalty into the court registry, and an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees. TEX. CIV. PRAC. & REM.CODE ANN. § 10.004(c). A trial court should not stray from the list of sanctions set forth in the statute. See Randolph v. Walker, 29 S.W.3d 271, 277 n. 6 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (noting that striking of pleadings is not available sanction under this chapter); Herring v. Welborn, 27 S.W.3d 132, 145 (Tex.App.-San Antonio 2000, pet. denied) (finding no case law extending section 10.004 to allow dismissal of cases with prejudice). The record reflects that Alexander and the trial court complied with the requirements of chapter 10.

■ In a sub-issue, Usoro contends the motion was also deficient because it was unverified and related to facts that were not apparent from the record. As stated above, Usoro failed to properly preserve this issue in the trial court. See TEX. R.APP. P. 33.1; Texas–Ohio Gas, Inc., 28 S.W.3d at 135. In his brief, Usoro also fails to identify the facts he contends were mentioned in the motion but not apparent from the record. Additionally, neither of the two cases he cites in support of this argument, Med. Protective Co. v. Glanz,

---

information, and belief, formed after reasonable inquiry:

(1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

721 S.W.2d 382 (Tex.App.-Corpus Christi 1986, writ ref'd), or *Woodruff v. Cook,* 721 S.W.2d 865 (Tex.App.-Dallas 1986, writ ref'd n.r.e.), support his contention. In failing to make proper citations to authority or the record and in failing to make a cogent argument, Usoro has waived his contentions in this sub-issue. *See* TEX. R.APP. P. 38.1(h) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Seminole Pipeline Co. v. Broad Leaf Partners, Inc.,* 979 S.W.2d 730, 758 (Tex.App.-Houston [14th Dist.] 1998, no pet.).

In a second sub-issue, Usoro contends Alexander's attorney had no authority to act on behalf of Carrier. Again, Usoro failed to preserve this issue by making this argument in the trial court. *See* TEX.R.APP. P. 33.1; *Texas–Ohio Gas, Inc.,* 28 S.W.3d at 135. Additionally, in his brief, he does not cite to any authority and fails to provide a cogent argument as to how this alleged lack of authority by Alexander's attorney could have affected the proceedings on the motion for sanctions. Accordingly, we find this sub-issue is waived because of insufficient briefing. *See* TEX.R.APP. P. 38.1(h); *Seminole Pipeline Co.,* 979 S.W.2d at 758. Furthermore, we note that this sub-issue is premised on the false notion that Alexander's counsel was somehow representing Carrier at the sanctions hearing. Although counsel did encourage the court to order that the monetary penalty be set aside for the use and benefit of Carrier and Nikki Sterling, he was clearly still acting solely as defense counsel during the proceeding.[3] This is confirmed by the fact that counsel also requested that the court grant attorney's fees and various costs as part of the sanctions. Usoro's first issue is overruled.

### B. The Penalty

In his second issue, Usoro contends the trial court erred in ordering that proceeds from the Butler settlement, which had already been distributed, be paid into the registry of the court as a penalty. Usoro's contention or assumption that the trial court was ordering the payment of proceeds from the Butler settlement is not supported by the record. From his statements during the hearing, it is apparent that Alexander's attorney was not requesting an amount equal to the Butler settlement amounts because those amounts had not been disbursed, but chose those amounts as a possible solution for the ever difficult and amorphous task of assigning a dollar amount for a sanctions penalty. In fact, counsel specifically stated, "I am simply asking the court to find that that sum would be reasonable as a penalty—monetary penalty to deter Mr. Usoro from doing this further." Under section 10.004, one of the permissible bases for sanctions is to deter repetition of the conduct. TEX. CIV. PRAC. & REM.CODE ANN. § 10.004(b). Indeed, the trial court's order specifically states that the $3,340 was to be paid into the court's registry "as a penalty authorized by Section 10.004." Accordingly, we find Usoro's argument regarding the alleged payment of settlement proceeds as a penalty without support in the record and, consequently, without merit.

Because Usoro also complains that the penalty should not have been set aside for the benefit of the minors, we are called upon to determine whether the trial court had the authority to order a monetary penalty under section 10.004 to be paid into the registry of the court "for the use and benefit" of individuals.[4] We find

---

**3.** The related issue as to whether the court properly ordered the monetary penalty to be disbursed to Usoro's former clients is discussed under issue two.

**4.** The court's order states:

that section 10.004 does not authorize such an order. Nor does any other section of chapter 10 authorize the collection and distribution of a *penalty* for the use and benefit of an individual, whether involved in the litigation or otherwise. To the contrary, section 10.004(c)(2) states only that the sanctions may include "an order to pay a penalty into court." A monetary penalty paid to the government becomes public funds. *Cf. Ex parte Roan*, 887 S.W.2d 462, 465 (Tex.App.-Dallas 1994, no writ) (orig.proceeding) (stating that particular amount could not have constituted fine because trial court ordered it paid to creditors). To order disbursement of such funds to an individual would violate the Texas Constitution's various prohibitions against granting public money to individuals for private purposes. *See* TEX. CONST. art. III, § 51 (prohibiting legislature from granting or authorizing grant of public moneys to any individual); TEX. CONST. art. III, § 52 (prohibiting legislature from authorizing any subdivision of state to grant public money to any individual); TEX. CONST. art. XVI, § 6 (prohibiting appropriations for private purposes); *Ex parte Smythe*, 56 Tex.Crim. 375, 120 S.W. 200, 201 (1909) (holding state law unconstitutional under article XVI, section 6, because it punished abandonment of wife and children by a fine to be paid into court for their benefit); *Graves v. Morales*, 923 S.W.2d 754, 757 (Tex.App.-Austin 1996, writ denied) (holding the purpose of article III, sections 51 and 52, is to prevent gratuitous application of public funds to any individual); *Harris County v. Dowlearn*, 489 S.W.2d 140, 144 (Tex.Civ.App.-Houston [14th Dist.] 1972, writ ref'd n.r.e.) (holding that purpose of article III, sections 51 and 52, and article XVI, section 6, is to prevent the gratuitous grant of public funds to individuals).

We find the trial court erred in ordering the monetary penalty be paid into the registry of the court for the use and benefit of Nikki Sterling and Kindell Carrier. We therefore sustain this sub-issue in Usoro's second issue. Accordingly, we reverse the judgment of the trial court regarding the payment of the monetary penalty and remand with instructions that the trial court reconsider the imposition of a penalty in compliance with section 10.004(c)(2) of the Texas Civil Practice and Remedies Code. If necessary, on remand, the trial court should also enter a new judgment to reflect the parties' settlement of other sanctions issues.

The judgment of the trial court is reversed and this case is remanded for further disposition consistent with this opinion and the provisions of chapter 10, Texas Civil Practice and Remedies Code.

---

As a penalty authorized by Section 10.004 of the Texas Practice & Remedies Code, O.J. Usoro shall pay into the Court's Registry the sum of $3,340, as follows:

  (a) $1,815 payable to Beverly Kaufman, County Clerk, for the use and benefit of Nikki Sterling;

  (b) $1,525 payable to Beverly Kaufman, County Clerk, for the use and benefit of Kendall Carrier, a minor.