Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# DISSENTING OPINION

No. 04-07-00465-CV

**UNIFUND CCR PARTNERS**,
Appellant

v.

Javier **VILLA**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2006CVF001343-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by: Catherine Stone, Justice
Dissenting opinion by:  Sandee Bryan Marion, Justice
Dissenting opinion by: Rebecca Simmons, Justice

Sitting:  Alma L. López, Chief Justice
    Catherine Stone, Justice
    Karen Angelini, Justice
    Sandee Bryan Marion, Justice
    Phylis J. Speedlin, Justice
    Rebecca Simmons, Justice
    Steven C. Hilbig, Justice

Delivered and Filed: September 17, 2008

I agree with Justice Marion that this case does not meet the standards for en banc consideration and that the trial court abused its discretion in ordering Unifund to pay an $18,635.00 sanction to Villa.  I write separately to address other problems in the majority opinion.

When considering a motion for sanctions under Chapter 10, "[a] trial court should not stray from the list of sanctions set forth in the statute." *Sterling v. Alexander*, 99 S.W.3d 793, 798 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Chapter 10 lists four sanctions that a trial court is authorized to impose. First, section 10.002(c) authorizes a trial court, when "no due diligence is shown," to award to a party "all ***costs for inconvenience, harassment, and out-of-pocket expenses incurred or caused by the subject litigation***." TEX. CIV. PRAC. & REM. CODE ANN. § 10.002(c) (Vernon 2002) (emphasis added). Second, section 10.004(c) authorizes a trial court to impose as sanctions:

> (1) a directive to the violator to perform, or refrain from performing, an act;
>
> (2) an order to ***pay a penalty into court***; and
>
> (3) an order to ***pay to the other party the amount of the reasonable expenses incurred*** by the other party because of the filing of the pleading or motion, including reasonable attorney's fees.

TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(c) (Vernon 2002) (emphasis added).

In this case, the trial court based its order that Unifund pay Villa $18,685.00 solely on section 10.002(c) of the Civil Practice and Remedies Code: "Unifund CCR Partners shall ***pay to Javier Villa*** the sum of Eighteen Thousand Six Hundred Eighty Five ($18,685.00) Dollars, which shall encompass ***Villa's costs for inconvenience and harassment caused by the subject litigation***, according to *TEX. CIV. PRAC. & REM. CODE § 10.002(c)*." (emphasis added) I agree with Justice Marion that the trial court abused its discretion in making this award because, in the absence of any evidence of more than negligible inconvenience or harassment, the trial court had no discretion to award $18,685.00.

Tacitly recognizing this lack of evidence, the majority attempts to justify the $18,635.00 award to Villa on "evidence" that Unifund has significant assets, buys bad debt and tries to collect it, and is a frequent litigant. In other words, that Unifund needs to be deterred. In so doing, the majority misconstrues both relevant Texas Supreme Court authority and section 10.004(b).

In *Low v. Henry*, 221 S.W.3d 609 (Tex. 2007), the Texas Supreme Court considered the effect of section 10.004(b) on a sanction award. Importantly, *Low* involved a *penalty* that the sanctioned party was ordered to pay *to the court*, not "costs" for "inconvenience and harassment" paid to the other party. *Id.* at 619-20; TEX. CIV. PRAC. & REM. CODE § 10.004(c)(2). The *Low* court recognized that section 10.004(b) imposes a *limitation* on the sanction authorized by section 10.004(c)(2) – a penalty payable to the court – that otherwise is not limited, at least within the statute itself. *Low*, 221 S.W.3d at 620. Quoting section 10.004(b), the Low court stated that "[t]he only restriction on the amount of the penalty is that the 'sanction must be *limited* to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated.'" *Id.*, *quoting* TEX. CIV. PRAC. & REM. CODE § 10.004(b) (emphasis added); *see also Herring v. Welborn*, 27 S.W.3d 132, 143 (Tex. App.—San Antonio 2000, pet. denied) (noting that section 10.004(b) "explain[s] [a] limitation[] on sanctions that are available to the trial court [under Chapter 10]"). Significantly, there is no support in *Low* for an award of "costs" to a party based on deterrence.

Under the majority's opinion, it was within the trial court's discretion to order Unifund to pay $18,685.00 to Villa because there is some evidence that $18,685.00 is the amount necessary to deter Unifund's conduct. The trial court's order, however,

specifically stated that the monetary award to Villa was based on Villa's "costs for inconvenience and harassment." Evidence of Unifund's bad behavior and purported need for deterrence cannot supply the missing evidence of inconvenience and harassment.

Thus, the majority errs in two related respects. First, the majority disregards that the trial court based its order solely on section 10.002(c) to compensate Villa for "costs of inconvenience and harassment," and tries to justify the award on irrelevant "deterrence" evidence.[1] Second, the majority mistakenly treats the section 10.004(b) limitation on damages as if it were a grant of authority to award deterrence damages to a party in addition to the specific sanctions referenced in sections 10.002(c) and 10.004(c). Such a monetary sanction to deter bad conduct is equivalent to a penalty sanction. Nothing in sections 10.002(c) or 10.004 permits a court to order a payment of a penalty to an individual; if a penalty is imposed, it must be paid into the court. *See Sterling*, 99 S.W.3d at 799-800 (nothing in Chapter 10 authorizes a trial court to order that a penalty be paid into the registry of the court to be distributed "for the use and benefit of an individual").

Because the majority fails to limit its review to the sanctions actually awarded by the trial court, and because the majority misconstrues section 10.004(b) as a grant of authority when it is actually a limitation, I dissent.

Rebecca Simmons, Justice

---

[1] The majority attaches significance to the trial court's recitation that, pursuant to section 10.004(a), the trial court is imposing sanctions on Unifund for Unifund's violation of section 10.001(1). Section 10.004(a) provides authority for a trial court to impose some type of sanction for violations of Chapter 10, but it does not provide the basis for the type or amount of any particular sanction imposed; that is found in sections 10.002(c) and 10.004(c)(1)-(3). The face of the trial court's order is clear that the trial court found its *authority* to impose a monetary sanction in section 10.004(a), but that its basis for the *amount* of the award was Villa's "costs for inconvenience and harassment" under section 10.002(c).