Affirmed and Memorandum Opinion filed July 2, 2009








Affirmed and Memorandum Opinion filed July 2, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00359-CV

____________

 

APPROXIMATELY $5,602.00, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 55th
District Court

Harris County, Texas

Trial Court Cause No. 2006-10466

 



 

M E M O R A N D U M   O P I N I O N

In this forfeiture case, appellant Herbert B. Gibbs asserts
that the trial court erred by striking his pleadings and rendering a final
judgment against his approximately $5,602.[1] 
We affirm.








The State filed a notice of seizure and intended forfeiture
of approximately $5,602 owned by Gibbs, claiming it was contraband.  Gibbs
answered, and after an abatement the case was set for trial.  The State then
sought discovery to determine the source of the money.  After Gibbs responded,
the State filed a motion to compel, claiming Gibbs did not respond to requests
for production and inadequately responded to some interrogatories and requests
for disclosure.  The trial court granted the State=s motion.  The
order granting the motion warned that if Gibbs did not fully comply the trial
court might sanction him by, inter alia, striking his pleadings and entering a
default judgment against him.

Gibbs timely supplemented his interrogatory answers and
requests for disclosure but claimed the State never served him with requests
for production.  The State filed a second motion to compel, claiming it had
served Gibbs with requests for production and complaining that he inadequately
responded to some of the same interrogatories and requests for disclosure
involved in the first motion to compel.  In response, Gibbs complained that the
State was harassing him, that he never received any requests for production,
and that he could not force others to give him information.  The State=s second motion to
compel was heard by submission.  On January 22, 2008, the trial court signed an
order granting the State=s second motion, striking appellant=s pleadings, and
entering a default judgment against Gibbs.

Gibbs=s motion for new trial was overruled by
operation of law, and this appeal followed.  In his sole issue, Gibbs complains
that the trial court abused its discretion by imposing death penalty sanctions
because (1) lesser sanctions were not considered; (2) the trial court did not
explain why lesser sanctions would not suffice; and (3) the sanctions imposed
were Amore severe than
necessary to satisfy the legitimate purposes of sanctions for discovery abuse.@








As a preliminary matter, Gibbs had to preserve his
complaints by raising them below through a timely request, objection, or motion
stating the grounds for the ruling he sought from the trial court with
sufficient specificity to make the trial court aware of his complaint, unless
the specific grounds were apparent from the context.  See Tex. R. App. P. 33.1(a)(1)(A); Willis
v. Willis, 826 S.W.2d 700, 702 (Tex. App.CHouston [14th
Dist.] 1992, no writ); Wade v. Farmers Ins. Group, No. 14‑01‑00691‑CV,
2002 WL 1404713, at *2 (Tex. App.CHouston [14th
Dist.] June 27, 2002, no pet.) (not designated for publication) (holding that
complaint regarding death penalty sanctions would be waived if not preserved
with appropriate post-trial motion or some similar method).  Further, a motion
for new trial only preserves for appellate review those complaints raised in
the motion.  See Tex. R. App. P. 33.1(b). 
An appellate complaint is not preserved by a motion for new trial that raises a
different complaint before the trial court.  See Sterling v. Alexander,
99 S.W.3d 793, 797 (Tex. App.CHouston [14th Dist.] 2003, pet. denied)
(holding sanctions issue waived where appellant did not preserve his appellate
argument through his motion for new trial or elsewhere at the trial court
level); see also Gerdes v. Kennamer, 155 S.W.3d 523, 532 (Tex. App.CCorpus Christi
2004, pet. denied) (motion for new trial stating one legal theory does not
preserve a different legal theory for appeal).  Here, Gibbs asserted in his
motion for new trial that Athe judgment [was] contrary to the law and
evidence,@ the final judgment contained false statements and
incorrectly asserted that Gibbs had not appeared, the State never served
requests for production, Gibbs had requested hearings rather than rulings by
submission, the hearings should have taken place in a real courtroom, and a
deadline for dismissal for want of prosecution had passed without exception. 
Thus, Gibbs=s motion for new trial did not specifically state or
properly make the complaints he raises on appeal, and the specific grounds
asserted here were not apparent from the context.  Cf. Thomas v. Thomas,
917 S.W.2d 425, 433 (Tex. App.CWaco 1996, no writ) (parties against whom
sanctions were imposed Aproperly preserved their right to appeal
by filing a motion for new trial which specifically stated their complaint
about the sanction order@).  We therefore hold that Gibbs failed to
preserve his sole issue for appellate review.  See Sterling, 99 S.W.3d
at 797; D/FW Comm=l Roofing Co.,
Inc.
v. Mehra, 854 S.W.2d 182, 189 (Tex. App.CDallas 1993, no
writ).








However, even if Gibbs had preserved error, his issue is
without merit.  We review a trial court=s ruling on a
motion for sanctions for an abuse of discretion, which occurs where the trial
court acts arbitrarily or unreasonably and without reference to any guiding
rules and principles.  Cire v. Cummings, 134 S.W.3d 835, 838B39 (Tex. 2004). 
Striking a party=s pleadings for discovery abuse is Athe most
devastating@ sanction a trial court may impose.  Transamerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917B18 (Tex. 1991). 
Therefore, such a sanction is not justified unless a party=s hindrance of the
discovery process justifies a presumption that its claims or defenses lack
merit.  Id. at 918.  AHowever, if a party refuses to produce
material evidence, despite the imposition of lesser sanctions, the trial court
may presume that an asserted claim or defense lacks merit and dispose of it.@  Cire, 134
S.W.3d at 839 (quoting Transamerican Natural Gas Corp., 811 S.W.2d at
918).








Before striking Gibbs=s pleadings, the
trial court=s order on the first motion to compel warned Gibbs
that his pleadings might be stricken if he did not fully comply.  Contrary to
Gibbs=s arguments on
appeal, this warning constituted the imposition of a lesser sanction.  See
Paradigm Oil, Inc. v. Retamco Op., Inc., 161 S.W.3d 531, 539 (Tex. App.CSan Antonio 2004,
pet. denied) (stating that order to compel joined with statement that
noncompliance with the order would result in dismissal constitutes the type of
lesser sanction that must be imposed prior to imposition of death penalty
sanction); Andras v. Mem=l Hosp. Sys., 888 S.W.2d 567,
572 (Tex. App.CHouston [1st Dist.] 1994, writ denied) (same); Wade,
2002 WL 1404713, at *4, 5 (stating that where appellant refused to comply with
trial court=s first order to compel, which warned that his
pleadings might be stricken for failure to comply, record supported trial court=s finding that
lesser sanctions had been tested, and subsequent death penalty sanctions were
not unnecessarily severe).  When Gibbs failed to comply with the trial court=s order in the
face of this lesser sanction, the trial court did not abuse its discretion in
striking his pleadings and entering a default judgment against him.  See
Transamerican Natural Gas Corp., 811 S.W.2d at 918; Pryor v. State,
No. 14-05-00411-CV, 2006 WL 1528963, at *2 (Tex. App.CHouston [14th
Dist.] June 6, 2006, no pet.) (mem. op., not designated for publication).  We
overrule appellant=s sole issue.

Having overruled appellant=s sole issue, we
affirm the trial court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Panel consists of
Justices Yates, Guzman, and Sullivan.









[1]  Although AApproximately
$5,602.00@ is technically the appellant in this case, we will
refer to Gibbs, the person from whom that money was sought, as appellant.