Affirmed and Memorandum Opinion
filed March 16, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-01178-CR



Latoya Nicole
Colvin, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 228th District Court

Harris County, Texas

Trial Court
Cause No. 1123634



 

MEMORANDUM OPINION 

            Latoya Nicole
Colvin was convicted of the felony offense of aggravated robbery and sentenced
to fifteen years’ confinement in the Institutional Division of the Texas
Department of Criminal Justice.  Colvin’s sole issue on appeal is the trial
court erred by allowing a witness to testify to what her assailants told her,
which Colvin contends violates Rule 802 of the Texas Rules of Evidence, the Texas
Constitution, and the U.S. Constitution.  We affirm.

I

            On May 21, 2007,
a group of men forcibly entered the home of Y.M. and C.R.  The men bound,
gagged, and sexually assaulted both Y.M. and C.R.  During the home invasion,
the men stole jewelry, a television, stereo speakers, Y.M.’s vehicle, and other
property from the home.  

            After the
robbery, C.R. testified that she began to suspect Latoya Nicole Colvin, Y.M.’s
half-sister, was involved in the robbery.  While C.R. was driving with Colvin,
she recognized Y.M.’s ring, which was stolen during the robbery, sitting in the
center console of Colvin’s vehicle.  When C.R. confronted Colvin about the
ring, Colvin replied that it was her ring.  But C.R. stated that she also found
Colvin in possession of her stolen CDs, so she and Y.M. informed the
investigating officers about Colvin’s potential involvement in the robbery. 
After Colvin confessed to planning the break-in, officers arrested and charged
her with aggravated robbery.    

During the trial, the jury heard evidence that Colvin
wanted to scare her sister because Colvin was angry with her.  In Colvin’s
confession, she explained, “I told [a friend] to go to the house and mess with
[Y.M.] and maybe kick the door in or something like that.”  Crime scene
investigator Gail Mills testified that she discovered Colvin’s fingerprint on
the tape that was used to bind and gag Y.M. and C.R.  Additionally, Officer
Robert Minchew stated that when he arrested Colvin, he discovered more of Y.M.
and C.R.’s stolen property in Colvin’s home.  After hearing all the evidence,
the jury found Colvin guilty of aggravated robbery and sentenced her to a term
of fifteen years in the Institutional Division of the Texas Department of
Criminal Justice.  This appeal followed.       

II

            Colvin
argues that the trial judge improperly allowed C.R. to testify about what the
robbers told her before the assault.  Specifically, Colvin complains that C.R.’s
statements violated Rule 802 of the Texas Rules of Evidence, Article 1, Section
10 of the Texas Constitution, and the Confrontation Clause of the Sixth Amendment
of the U.S. Constitution.  The State contends first that Colvin has failed to properly
brief and preserve her issue.  Second, even if the issue is adequately briefed
and properly preserved, the State argues that the statements are not hearsay
and do not violate the Confrontation Clause.  

            Briefing
waiver occurs when a party fails to make proper citations to authority or to
the record.  Tex. R. App. P. 38.1(h), (i); Sterling v. Alexander, 99
S.W.3d 793, 798–99 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).  Colvin
properly cited to the record to demonstrate where the alleged errors
occurred.   Additionally, Colvin cited to general constitutional provisions and
case law to support her contentions, and she at least made cursory arguments. 
We conclude Colvin did not waive her issue because of briefing waiver.

            The
State also argues that even if Colvin properly briefed her issue, she did not
preserve the error for review because essentially the same testimony came in
elsewhere during the trial without objection.  Colvin objected to the following
testimony at trial:

            Prosecutor:    Why
did you do that?

            C.R.:               I
seen the guy - - the first guy with the gun.

            Prosecutor:    All
right.

C.R.:               Because at first I
had my back to the door.  I thought just in case he shot through the door or
whatever.  And I could hear all the guys cussing at me.

            Colvin:           Objection,
Your Honor, calls for hearsay.

            Court:             That’s
overruled.

            Prosecutor:    Present
sense impression.

            Prosecutor:    What
could you hear the guys saying?

            C.R.:               Move,
using profanity.

Colvin:           Objection, Your
Honor.  I’m - - also object to hearsay, Your Honor.  And I’ll also object to
third party that is not present, No. 1, under Crawford because they are not
here, No. 1, Judge, for us to cross-examine those particular people.

            Court:             Okay. 
That’s overruled.

            Prosecutor:    You
can tell us exactly what they said.

            C.R.:               Move,
Bitch.  Get off the door.  And they was repeating that.

Although
the State points this court to other places in the record that allegedly contain
the same testimony, that particular testimony does not state what the robbers
said to C.R.  The State’s examples discuss only how the robbers forcibly entered
the bedroom, and then yelled at C.R. and Y.M. to get on the floor.  Because
Colvin objected at trial to C.R.’s testimony as hearsay and on Crawford grounds
and the trial court overruled these objections, Colvin properly preserved error
for appeal as to these complaints.  See Geuder v. State, 115 S.W.3d 11,
13 (Tex. Crim. App. 2003).[1]    
     

            Generally, we
review the trial court’s decision to admit statements using an
abuse-of-discretion standard.  Wall v. State, 184 S.W.3d 730, 743 (Tex.
Crim. App. 2006); Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App.
1998).  Even though a trial court has substantial discretion, it can abuse its
discretion if its rulings are outside “‘the zone of reasonable disagreement.’” 
Salazar v. State, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001) (quoting Montgomery
v. State, 801 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g)).  A
trial court’s ruling on the admissibility of evidence will be upheld if the
record reasonably supports the ruling.  Willover v. State, 70 S.W.3d
841, 845 (Tex. Crim. App. 2002).  In reviewing the Confrontation Clause
objection, however, we review the constitutional ruling de novo.  Wall,
184 S.W.3d at 742–43.  

In part, the distinctive standards of review for hearsay
objections and Confrontation Clause objections . . . arise because the hearsay
objection depends largely upon the subjective state of mind of the declarant at
the time of the statement, whereas [whether the statement] is “testimonial”
under Crawford depends upon the perceptions of an objectively reasonable
declarant.  

Id. at 743.  When determining
whether a statement is objectively reasonable, a trial judge is no better
equipped than an appellate judge in making the decision of admissibility.  See
id.  

            A statement is
hearsay if it was offered to prove the truth of the matter asserted, and the
declarant did not make the statement while testifying at trial or at a
hearing.  Tex. R. Evid. 801(d).  Hence, a statement not offered to prove the
truth of the matter asserted, but offered for some other reason, is not
hearsay.  Guidry v. State, 9 S.W.3d 133, 152 (Tex. Crim. App. 1999). 
For example, if a statement is offered to show the effect on the listener
rather than for the truth of the matter asserted, then the statement is not
hearsay.  In re Bexar County Criminal Dist. Attorney’s Office, 224
S.W.3d 182, 189 (Tex. Crim. App. 2007).  Here, C.R. testified that she was
afraid because she saw the robbers outside her bedroom door with a gun.  She
closed her bedroom door, crouched down by the door frame, and pushed her back
against the door to prevent the men from entering the bedroom.  She stated she
could feel the men pushing against the door.  C.R. also testified that she
continued to hold the door closed even after the men instructed her to “move.” 
The robbers’ statements were not offered to prove the truth of the matter
asserted, but their effect on C.R.  As the State noted in its brief, these statements
were introduced to show the resultant impact on the victim—C.R.   

 Furthermore, Colvin neither gives an explanation of
what these statements prove, nor explains how the statements were “harmful and
fundamental.”  Even though the prosecutor at trial argued that the statement
met the present-sense-impression exception to the hearsay rule, we will uphold a
trial court’s ruling if it is reasonably supported by the record and correct
under any theory of applicable law.   Willover, 70 S.W.3d at 845.  Thus,
we conclude that these statements are not hearsay, and we uphold the trial
court’s ruling. 

III

            The Confrontation
Clause of the Sixth Amendment of the U.S. Constitution does not allow
testimonial, out-of-court statements to be introduced at trial.  See Crawford
v. Washington, 541 U.S. 36, 68 (2004).  But these statements are admissible
if (1) the witness is unavailable, and (2) the person whom the statement is
being used against had a previous opportunity to cross examine the witness.  See
id.  The Confrontation Clause “does not bar the use of testimonial
statements for purposes other than establishing the truth of the matter
asserted.”  Del Carmen Hernandez v. State, 273 S.W.3d 685, 687–88 (Tex.
Crim. App. 2008) (citing Crawford, 541 U.S. at 59 n.9).  Having decided
that C.R.’s statements were not offered to prove the truth of the matter
asserted, we also conclude the Confrontation Clause did not bar her statements. 
Accordingly, we hold that that trial court did not abuse its discretion by
overruling Colvin’s objections.  We overrule Colvin’s sole issue on appeal.      

 

*
* *

For
the foregoing reasons, we affirm the trial court’s judgment.

 

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Frost,
and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
We do conclude, however, that Colvin’s objections did not challenge the
admission of the statements as violating her confrontation rights under the
Texas Constitution.  See, e.g., Grant v. State, 218 S.W.3d 225, 229
(Tex. App.—Houston [14th Dist.] 2007, pet. ref’d) (discussing how the appellant
did not challenge the admission of evidence under the Texas Constitution, but
only raised an objection to the U.S. Constitution because he stated, “‘I think
you got Crawford questions there’”).  As in Grant, Colvin only
invoked a challenge to the U.S. Constitution, so because Colvin failed to
preserve error on her state constitutional issue, we will not address a
confrontation question regarding the Texas Constitution.