**Affirmed and Memorandum Opinion filed April 14, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00271-CV

**KNJ ENTERPRISES, INC., Appellant**

**V.**

**WILBANKS & WILBANKS, P.C., H. ERWIN WILBANKS, AND FIDELITY NATIONAL TITLE INSURANCE COMPANY, Appellees**

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-42583**

## M E M O R A N D U M   O P I N I O N

The trial court signed an order compelling arbitration of all claims between appellant KNJ Enterprises, Inc. and appellees Wilbanks & Wilbanks, P.C., H. Erwin Wilbanks, and Fidelity National Title Insurance Company (collectively "Wilbanks"). Wilbanks initiated arbitration in conformity with the trial court's order. KNJ received notice of the arbitration initiated by Wilbanks but did not participate in it; instead, KNJ initiated a separate arbitration proceeding against

Wilbanks. The trial court enjoined the parties from moving forward with the arbitration initiated by KNJ. The arbitration initiated by Wilbanks resulted in an award in favor of Wilbanks on the claims against KNJ. The trial court signed a final judgment in which it confirmed the arbitrator's award in favor of Wilbanks and ordered that KNJ take nothing on its claims against Wilbanks.

In a single issue, KNJ contends on appeal that the trial court erred in signing a take-nothing judgment as to KNJ's claims against Wilbanks because KNJ's claims were not decided in the arbitration proceeding initiated by Wilbanks and remain pending before a different arbitrator. Finding no error, we affirm.

## BACKGROUND

The relevant arbitration provision is included in a letter agreement between KNJ and Wilbanks & Wilbanks, P.C. The letter agreement concerns a real estate transaction.

In March 2010, KNJ purchased a piece of real property that was encumbered by a mortgage securing the repayment of a Small Business Administration ("SBA") loan. In connection with its purchase, KNJ assumed the obligation to repay this loan. KNJ also executed a second mortgage with a private lender.

The SBA mortgage contained a due-on-sale clause that required the loan to be repaid in full upon a sale of the property. KNJ did not record the real estate transfer documents in connection with its purchase of the property because it did not wish to trigger the due-on-sale clause. Instead, KNJ entered into a letter agreement with Wilbanks & Wilbanks, P.C. to hold the property transfer documents in escrow until KNJ obtained financing to repay in full the SBA and private loans.

2

The letter agreement states:

> All parties agree to hold Wilbanks & Wilbanks, PC, its attorneys, agents, principals, and employees harmless from any damage as a result of this escrow. The undersigned also agree that they will indemnify Wilbanks & Wilbanks, PC for any and all cost which may be involved in the escrow of these documents.

> Any dispute will be resolved by [a]rbitration according to the rules of the American Arbitration Association, as amended.

KNJ did not obtain financing as contemplated by the letter agreement.

The Texas Comptroller of Public Accounts filed a notice of a tax lien against the property in November 2010.  KNJ sold the property to Dawani Investments, Inc. in March 2011, and the property transfer documents again were held in escrow.

Dawani obtained a loan commitment from a lender after purchasing the property.  The contemplated loan would have repaid the SBA loan and KNJ's 2010 private loan.  The property transfer documents were recorded in the Harris County Clerk's office after Dawani received its loan commitment.  Dawani failed to close on the loan after a title search revealed that the property was encumbered by an outstanding tax lien.

Dawani sued KNJ asserting claims for declaratory relief, breach of contract, and breach of warranty based on KNJ's failure to disclose or cure the tax lien prior to selling the property.

KNJ answered Dawani's lawsuit and filed a third-party petition against Wilbanks & Wilbanks, P.C. and H. Erwin Wilbanks, asserting claims for negligence, breach of fiduciary duty, breach of contract, fraud, and misapplication of fiduciary property.  KNJ asserted, among other things, that Wilbanks failed to conduct a title search prior to the closings of the 2010 and 2011 property sales.

3

KNJ also sued Fidelity National Title Insurance Company for negligent supervision of Wilbanks based on allegations that Wilbanks operated as an agent of the title insurance company retained by Wilbanks, and that the title insurance company operated as Fidelity's agent. Dawani nonsuited its claims, and the case continued between KNJ, Wilbanks, and Fidelity.[1]

Wilbanks filed a motion to compel arbitration of all claims asserted by KNJ. The trial court granted Wilbanks's motion and ordered the parties to arbitrate the following claims: "(i) [KNJ]'s claims against Wilbanks & Wilbanks, P.C. and H. Erwin Wilbanks (and/or Fidelity National Title Insurance Company), and (ii) any claims by Wilbanks & Wilbanks, P.C. and/or H. Erwin Wilbanks against [KNJ]."

Wilbanks initiated an arbitration proceeding against KNJ with the American Arbitration Association in conformity with the trial court's order compelling arbitration. The appellate record does not contain a specification of claims filed with the arbitrator or transcripts of arbitration hearings. The record contains an "Award of Arbitrator."

The Award of Arbitrator states:

I, THE UNDERSIGNED ARBITRATOR, designated in accordance with an arbitration agreement entered into by the parties, was duly sworn. The case was submitted to arbitration under May 29, 2013 [o]rder of the 164th Judicial District Court of Harris County, Texas. A hearing was held on October 18, 2013[,] in Houston, Texas. Participating in the hearing were Claimant's [c]ounsel . . . and Claimant's representative, **H. Erwin Wilbanks**. The Respondent, [KNJ], after due notice, (USPS certified and USPS First Class mail) was not represented at the hearing. The witness was sworn in,

---

[1] Dawani filed a second lawsuit against KNJ in the 164th Judicial District Court of Harris County under a separate cause number. The trial court denied KNJ's motion to consolidate the cases. KNJ filed a petition for writ of mandamus seeking to compel consolidation by the trial court, which we denied. *See In re KNJ Enters., Inc.*, No. 14-13-00753-CV, 2013 WL 5503745, at *1 (Tex. App.—Houston [14th Dist.] Oct. 1, 2013, no pet.) (per curiam).

questioned and evidence presented.

> Cliamants' [*sic*], Wilbanks & Wilbanks, PC and H. Erwin Wilbanks (Wilbanks), claims against KNJ Enterprises are **GRANTED**. KNJ Enterprises, Inc. and Wilbanks signed an agreement on February 28, 2011[,] stating Wilbanks provided neither legal representation nor legal advice serving as escrow agent. On April 5, 2010[,] Wilbanks and KNJ Enterprises, Inc. signed a [l]etter [a]greement where the latter would reimburse Wilbanks'[s] expenses. Expenses claimed on the subject escrow are Wilbanks'[s] legal fees and expenses of $4,910.00.

> Accordingly, the **AWARD** is:

> Respondent, KNJ Enterprises, Inc., shall pay to Claimant[s] $4,910.00 USD within thirty (30) days.

> The administrative fees of the American Arbitration Association totaling $975.00 and the compensation of the arbitrator totaling $850.00 shall be borne by Respondent, KNJ Enterprises, Inc. Therefore, Respondent shall reimburse Claimants the sum of $1,825.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimants.

> This [a]ward is in full settlement of all claims submitted to this [a]rbitration. All claims not expressly granted herein are hereby, denied.

Wilbanks filed a motion with the trial court to confirm the arbitrator's award, and KNJ filed a motion to vacate the arbitrator's award. KNJ asserted in its motion that (1) it failed to receive notice of the arbitration hearing; (2) it initiated a separate and still-pending arbitration proceeding; and (3) the arbitrator improperly entered an award based on KNJ's no-answer default.

The record shows that KNJ initiated a second arbitration proceeding two days before the hearing in the arbitration proceeding initiated by Wilbanks. The appellate record does not contain the exhibits to KNJ's demand for arbitration, and the record does not include a specification of claims filed in the arbitration initiated

5

by KNJ.[2]

Wilbanks applied to the trial court for a temporary restraining order to abate proceedings in KNJ's attempted arbitration. The trial court granted Wilbanks's application and ordered the parties to refrain from moving forward in KNJ's attempted arbitration.

After the arbitrator signed her award in the proceeding initiated by Wilbanks, the trial court signed an order vacating the award. The trial court later withdrew its order vacating the arbitrator's award and referred the case back to the arbitrator to "determine whether [KNJ] had proper notice of the [arbitration] under the rules of the [American Arbitration Association]." The trial court also extended the stay on proceedings in KNJ's attempted arbitration, stating: "It is the intention of the [c]ourt that all of [KNJ]'s claims be addressed solely in the [arbitration initiated by Wilbanks], and that [KNJ's attempted arbitration] not proceed until future orders of the [c]ourt allow it [to do] so."

The arbitrator held a hearing after the trial court referred the case back to the arbitrator. The arbitrator signed an "Order of Arbitrator" stating: "[KNJ] had proper notice of the proceedings filed with the [American Arbitration Association]."

Wilbanks then filed a second motion to confirm the arbitrator's award. The trial court signed a final judgment on March 7, 2014, confirming the award. It ordered, among other things, that: "[KNJ] take nothing on its claims against WILBANKS & WILBANKS, P.C. and/or H. Erwin Wilbanks and/or Fidelity National Title Insurance Company." The trial court's judgment states: "This is a

_____

[2] The appellate record contains a "Demand for Arbitration" form attached as an exhibit to KNJ's sur-reply to Wilbanks's first motion to confirm the arbitrator's award. The Demand for Arbitration contains only a summary description of the dispute in the arbitration initiated by KNJ under the heading "The Nature of the Dispute."

[f]inal [j]udgment, disposing of all claims brought by or against any and all parties." KNJ timely appealed.

## ANALYSIS

KNJ argues that the trial court erred by signing a final judgment disposing of KNJ's claims against Wilbanks. KNJ asserts that its claims were not before the arbitrator; were not decided in arbitration; and remain pending in KNJ's attempted arbitration.

Assessing KNJ's argument is made more difficult because KNJ's brief does not cite to the appellate record. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").[3] The record shows that the trial court granted Wilbanks's motion to compel arbitration and specified that its order applied to the following claims: "(i) [KNJ]'s claims against Wilbanks & Wilbanks, P.C. and H. Erwin Wilbanks (and/or Fidelity National Title Insurance Company), and (ii) any claims by Wilbanks & Wilbanks, P.C. and/or H. Erwin Wilbanks against [KNJ]." KNJ does not challenge the trial court's order referring the parties' claims to arbitration.

The appellate record does not contain a complete record of proceedings in the arbitration initiated by Wilbanks. Therefore, the record does not support KNJ's

---

[3] KNJ cites four cases in total in its opening appellate brief and reply brief and does not cite any other authority. It cites three cases for the proposition that arbitrators, rather than courts, should decide matters of procedural arbitrability. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002); *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964); *W. Dow Hamm III Corp. v. Millennium Income Fund, L.L.C.*, 237 S.W.3d 745, 754 (Tex. App.—Houston [1st Dist.] 2007, no pet.). It cites *BHP Billiton Petroleum (Americas) Inc. v. Atlantia Offshore Ltd.*, 312 S.W.3d 813 (Tex. App.—Houston [1st Dist.] 2009, no pet.), for the proposition that "[c]oncurrent arbitrations can proceed between the named parties so long as the second arbitration is neither competing nor duplicative."

assertion that its claims were not before the arbitrator.[4] *See Kline v. O'Quinn*, 874 S.W.2d 776, 781 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (trial court did not know what evidence or issues were submitted to the arbitration panel because no record was made of the arbitration proceedings); *cf. Craft v. Davis*, No. 2-07-332-CV, 2008 WL 4180357, at *2 (Tex. App.—Fort Worth Sept. 11, 2008, no pet.) (mem. op.) ("Although [appellants] claim that the arbitrator decided issues not submitted to him by any party, without a record, we cannot determine whether [appellee] or [appellants] asked the arbitrator during the proceedings to decide those issues and thus whether the arbitrator did exceed his powers.").[5]

---

[4] KNJ asserts as follows: "[The arbitrator's] award simply addressed Wilbanks'[s] indemnity claims against [KNJ] for attorneys' fees" because those were the only claims "submitted to this [a]rbitration." Wilbanks's indemnity claims were not asserted as counterclaims in the trial court. The arbitration exhibits in the appellate record do not specify the number and legal basis of Wilbanks's claims decided in arbitration.

[5] An "Online Filing Demand for Arbitration Form" relating to the arbitration initiated by Wilbanks and various emails involving Wilbanks's counsel, KNJ's counsel, and a representative of the American Arbitration Association are included in the appellate record as exhibits to Wilbanks's reply to its first motion to confirm the arbitrator's award. The Online Filing Demand for Arbitration Form states under the heading "Claim Description:"

> KNJ Enterprises, Inc. agreed to indemnify Wilbanks [&] Wilbanks, P.C. for expenses incurred in connection with the subject escrow. Wilbanks [&] Wilbanks, P.C. has incurred legal fees of $4,910.50 to date and seeks reimbursement of this amount from KNJ Enterprises, Inc., together with the additional fees incurred to defend against KNJ Enterprises, Inc.['s] claims in this arbitration.

The emails discuss whether KNJ or Wilbanks should be considered the arbitration "claimant." KNJ's counsel asserts in an email: "KNJ is not the claimant and has not, as of yet, made any claims through arbitration." The American Arbitration Association representative states in an email: "In accordance with the [American Arbitration Association] Rules, any answer, counterclaim, or objection to the locale shall be filed by July 1, 2013." The arbitrator's award is attached to Wilbanks's second motion to confirm the award. The appellate record does not contain arbitration hearing transcripts.

Among other things, the appellate record does not indicate (1) whether there were additional pleadings in arbitration initiated by Wilbanks beyond the Online Filing Demand for Arbitration Form; (2) whether Wilbanks supplemented its arbitration pleadings; (3) whether KNJ filed an answer, counterclaim, objection, or other response related to the arbitration initiated by Wilbanks; and (4) whether Wilbanks or KNJ otherwise raised KNJ's claims before the arbitrator.

We need not attempt to divine from the record or appellate briefing a list of specific claims that were "submitted" to the arbitrator in the proceeding initiated by Wilbanks. Regardless of which claims the parties now contend were placed before the arbitrator, the arbitrator's award clearly disposed of all claims referred to arbitration by the trial court.

The trial court's order, signed May 29, 2013, referred all claims between KNJ and Wilbanks to arbitration. The arbitrator's award states: "The case was submitted to arbitration under May 29, 2013 [o]rder of the 164th Judicial District Court of Harris County, Texas." The award further states: "Cliamants' [*sic*], Wilbanks & Wilbanks, PC and H. Erwin Wilbanks (Wilbanks), claims against KNJ Enterprises are **GRANTED**." The award concludes: "This [a]ward is in full settlement of all claims submitted to this [a]rbitration. All claims not expressly granted herein are hereby, denied." To the extent that Wilbanks placed before the arbitrator fewer than all of the claims referred to arbitration by the trial court, we determine that the arbitrator nevertheless decided all claims referred to arbitration by the trial court. This is so because the arbitrator (1) referenced the trial court's broad referral order in her award; (2) granted Wilbanks's claims; and (3) denied "all claims not expressly granted."

It is undisputed that KNJ did not participate in the arbitration initiated by Wilbanks. According to KNJ, "[I]f [it] did not participate in [arbitration], it's [*sic*] claims against Wilbanks and Fidelity were necessarily not considered by the arbitrator."

We reject KNJ's argument. The arbitrator determined that KNJ received proper notice of the arbitration. KNJ could not prevent consideration of claims sent to arbitration by opting not to participate in an arbitration proceeding of which it had notice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.046 (Vernon 2011)

("Unless otherwise provided by the agreement to arbitrate, the arbitrators may hear and determine the controversy on the evidence produced without regard to whether a party who has been notified as provided by Section 171.044 fails to appear."); *see also Venture Cotton Coop. v. Neudorf*, No. 14-13-00808-CV, 2014 WL 4557765, at *4 (Tex. App.—Houston [14th Dist.] Sept. 16, 2014, no pet.) (mem. op.) (trial court could not deny confirmation of an arbitration award under the Federal Arbitration Act based on a contention that the arbitrators erred when they determined that proper notice of the arbitration had been given to appellant and that *ex parte* proceedings were permitted under the arbitration rules).

The trial court confirmed the arbitrator's award on Wilbanks's second motion.[6]  KNJ does not assert any grounds for vacating, modifying, or correcting the award.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.087 (Vernon 2011) ("Unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award.").[7]  Instead, KNJ contends that the arbitrator's award does not decide

---

[6] KNJ asserts:  "Neither the [c]ourt nor the arbitrator . . . had the authority to make the determination as to whether KNJ's claims were duplicative of claims heard in an alternative arbitration."  KNJ does not support this statement with citations to the appellate record.  We have reviewed the record.  The trial court did not determine "whether KNJ's claims were duplicative of claims heard in an alternative arbitration."  Instead, the trial court confirmed the arbitrator's award.  KNJ does not cite any legal authority for the proposition that a trial court cannot confirm an arbitration award when the claims the arbitrator decided have been made the subject of a second attempted arbitration.  To the extent appellant argues that the trial court erred by signing a final judgment disposing of claims decided in the arbitration but made the subject of a second attempted arbitration, we reject the argument as inadequately briefed.  *See* Tex. R. App. P. 38.1(i); *Sterling v. Alexander*, 99 S.W.3d 793, 799 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (issue waived as inadequately briefed because appellant failed to make proper citations to authority and failed to make a cogent argument).

[7] The letter agreement, which contains the arbitration provision, does not state whether the Federal Arbitration Act ("FAA") or the Texas General Arbitration Act ("TGAA") governs the provision.  *See* 9 U.S.C.A. §§ 1-16 (West 2009); Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001-.098 (Vernon 2011).  No party contends that the FAA governs the arbitration provision or excludes application of the TGAA.  *See In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780

10

KNJ's claims.[8]  We reject KNJ's contention for the reasons set forth above.

On this record, we overrule KNJ's sole issue challenging the trial court's final judgment directing that KNJ take nothing on its claims against Wilbanks.

**CONCLUSION**

Having overruled appellant's sole issue, we affirm the trial court's judgment.


/s/     William J. Boyce
            Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.

---

(Tex. 2006) ("The mere fact that a contract affects interstate commerce, thus triggering the FAA, does not preclude enforcement under the [TGAA] as well."). We cite the TGAA because "[p]rocedural matters relating to the confirmation of arbitration awards in Texas courts are governed by Texas law even if the FAA supplies the substantive rules of decision." *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 804 (Tex. App.—Dallas 2008, pet. denied).

[8] KNJ does not contest the trial court's authority to confirm the award and sign a final judgement with respect to Wilbanks's claims against KNJ.