**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00429-CV**
_____

**ROGER HARLAND, Appellant**

**V.**

**ANGELA HARLAND, Appellee**

**On Appeal from the County Court at Law**
**Polk County, Texas**
**Trial Cause No. CIV32190**

**MEMORANDUM OPINION**

Angela Harland filed a petition for divorce from Roger Harland on October 9, 2018. The record reflects that Angela served Roger with the petition and Roger filed a pro se Answer, which stated that he would "give her the divorce[]" if Angela would "return all my property she stole[.]" At trial, Angela appeared pro se and Roger did not appear. According to Roger, he was incarcerated in Iowa at the time of the trial and that is why he did not appear. The record also indicates that Roger received notice of the trial.

1

At the bench trial, Angela testified that the marriage had become insupportable because of discord or conflict of personalities between she and Roger, there were no children of the marriage, and that only personal effects were acquired during the marriage. Angela testified that, three years prior, she and Roger had an argument in Iowa, she kicked him out of her truck, and she went to Texas. According to Angela, the items that Roger claimed in his Answer that she took from him were his items that he left in her truck when she kicked him out of it and left for Texas. Angela testified that Roger "ha[d] destroyed or taken away anything that I've ever had, or stole it[, and] as far as his clothing goes, that's all it was." The County Court at Law stated at the end of trial that it was granting the divorce and the court awarded the personal effects to the party in possession, and the court signed a Final Decree of Divorce on October 21, 2019. Roger filed an appeal.

Roger's pro se brief appears to argue that Angela took some of his personal effects and lied about there being "no property or money involve[d]." Because Roger is acting pro se on appeal, we will construe his brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) (a reviewing court construes points of error liberally to obtain a just, fair, and equitable adjudication of the parties' rights). However, a pro se litigant must properly present his case on appeal. *See Valadez v. Avitia*, 238 S.W.3d

2

843, 845 (Tex. App.—El Paso 2007, no pet.); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). An appellant's brief must contain (1) a statement of the case concisely stating the nature of the case, the course of the proceedings, and the trial court's disposition, each of which should be supported by citation to the record; (2) a statement of facts that must be supported by record references; and (3) "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(d), (g), (i).

> It is the [a]ppellant's burden to discuss [his] assertions of error. An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. Were we to do so, even on behalf of a pro se appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party.

*Valadez*, 238 S.W.3d at 845 (citations omitted). Roger's brief presents statements, assertions, and arguments that are unclear and incomplete, and he fails to cite to any part of the record or to any legal authorities. We therefore overrule Roger's complaints as inadequately briefed. *See* Tex. R. App. P. 38.1.; *Sterling v. Alexander*, 99 S.W.3d 793, 799 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (concluding issue was waived where it was inadequately briefed when the brief did not contain proper citations to authority or the record and failed to make a cogent argument). We affirm the judgment of the County Court at Law.

AFFIRMED.

3

_____  
LEANNE JOHNSON  
Justice

Submitted on May 15, 2020  
Opinion Delivered September 3, 2020

Before McKeithen, C.J., Kreger and Johnson, JJ.