**Motion for En Banc Reconsideration Granted in Part, Denied in Part; Memorandum Opinion filed December 31, 2015, Withdrawn, Appeal Reinstated, and En Banc Order and En Banc Dissenting Opinion filed April 26, 2016.**

In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00430-CV
_____

## IN THE MATTER OF THE MARRIAGE OF CLIFFORD LAYNE HARRISON AND CONNIE V. HARRISON

___

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2006-68864**

___

# EN BANC DISSENTING MEMORANDUM OPINION

A panel of this court issued an opinion and rendered judgment dismissing this appeal. The appellant timely filed a motion for rehearing, seeking to have the panel vacate its judgment and decide the case anew. The panel denied the motion. The appellant then timely filed a motion for en banc reconsideration, seeking to have the full court vacate the panel's judgment and rehear the case en banc. In an unprecedented ruling, a majority of the en banc court today votes to grant en banc reconsideration and set aside the panel's judgment yet not decide the case en banc.

Instead, the en banc majority leaves the disposition of the case to a future panel of the court. This peculiar ruling violates both the letter and the spirit of the en banc rules because once a majority of the court votes to grant en banc reconsideration, the full court may not vacate the panel's judgment without also deciding the case. Thus, a majority of the en banc court having voted to grant en banc reconsideration and having set aside the panel decision, the en banc court — not a panel — should decide this case.

En banc reconsideration[1] has two essential components: (1) the withdrawal of the panel opinion and the vacating of the panel's judgment, and (2) the issuance of the en banc court's opinion and judgment based on the full court's reconsideration of the case.[2] The two components together comprise a unified process under the appellate rules.[3]

---

[1] In some places, the appellate rules use the term "rehearing" to refer to an en banc court's consideration of a case after a panel already has heard the case; in other places, the rules use the term "reconsideration." *Compare* Tex. R. App. P. 41.2(c), 47.5, *with* Tex. R. App. P. 49.7. This difference in usage does not affect the analysis because the terms "en banc rehearing" and "en banc reconsideration" mean the same thing. *See* Tex. R. App. P. 41.2(c), 47.5, 49.7; *City of San Antonio v. Hartman*, 201 S.W.3d 667, 670 (Tex. 2006).

[2] *See* Tex. R. App. P. 41.2(c) (stating that "[i]f a vote is requested and a majority of the court's members vote to . . . rehear the case en banc, the en banc court will . . . rehear the case"); Tex. R. App. P. 49.7 ("While the court has plenary power, a majority of the en banc court may, with or without a motion, order en banc reconsideration of a panel's decision. If a majority orders reconsideration, the panel's judgment or order does not become final, and the case will be resubmitted to the court for en banc review and disposition."); *In re A.B.*, 437 S.W.3d 498, 501–02 (Tex. 2014) (noting that the court of appeals granted en banc reconsideration by replacing the panel's opinion and judgment with the en banc court's opinion and judgment); *In re Guerrero*, 465 S.W.3d 693, 697 (Tex. App.—Houston [14th Dist.] 2015, pet. filed) (granting motion for en banc reconsideration by withdrawing panel opinion and vacating panel's judgment and issuing the opinion and judgment of the en banc court) (en banc).

[3] *See* Tex. R. App. P. 41.2(c), 49.7; *In re A.B.*, 437 S.W.3d at 501–02; *In re Guerrero*, 465 S.W.3d at 697.

Frequently requested but rarely granted, en banc reconsideration is reserved for a tiny percentage of cases that meet one or both of two hard-to-satisfy requirements.[4] The uncommon procedure should not be ordered unless (1) necessary to secure or maintain uniformity of the court's decisions or (2) extraordinary circumstances require en banc reconsideration.[5] Even wrongly-decided panel decisions may not justify en banc reconsideration.[6] Indeed, in seeking full-court review of a panel decision, losing parties are quick to contend the panel got it wrong. If the en banc court found that ubiquitous assertion sufficient to satisfy one of the criteria for en banc reconsideration, then nearly every motion for rehearing would turn into a motion for en banc reconsideration. In such a regime, the en banc court might catch more errors in panel decisions, but the appellate trains would not run on time because the court's judges would have capacity for little else. To foreclose that possibility, the Supreme Court of Texas has made a policy decision to disfavor en banc reconsideration,[7] and instead to reserve the special procedure for rare cases meeting one or both of the two en banc criteria.[8]

Given the high court's directive, as reflected in the plain text of the rules, intermediate courts of appeals should invoke the en banc procedure only to settle

---

[4] Even more exotic is en banc consideration and disposition of a case in the first instance, without a panel first having considered and disposed of the case. *See* Tex. R. App. P. 41.2(c).

[5] Tex. R. App. P. 41.2(c).

[6] *See Thompson v. State*, 89 S.W.3d 843, 856 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (Jennings, J., concurring on denial of en banc reconsideration) (noting that standard for en banc reconsideration is not whether a majority of the en banc court disagrees with all or part of a panel opinion).

[7] Tex. R. App. P. 41.2(c) (stating that en banc review "is not favored").

[8] *See* Tex. R. App. P. 41.2(c), 49.7.

true conflicts in precedent, where full-court action is necessary to secure or maintain uniformity in the court's decisions,[9] or in the exceptional case in which extraordinary circumstances[10] require the en banc court to set aside the panel's opinion and judgment, consider the case anew, and issue an en banc opinion and judgment in the case.[11] Even issues judges deem important fall short of meeting the demanding standard for en banc review.[12] This high threshold is reasonable and necessary given the large volume of cases adjudicated each year by intermediate appellate courts and the significant cost of reconsidering a case en banc.

For a nine-member court like the Fourteenth Court of Appeals, en banc cases demand triple the judicial resources of a panel disposition and take longer to resolve. To consider en banc cases, judges and court staff must take attention away from other pressing matters. The collective reordering of judicial priorities and the combined drain on the court's limited resources slows operations, delaying justice for the parties in the displaced cases. Yet, despite the high price of en banc review, the procedure is essential in exceptional cases.

For example, en banc review is the only way for an intermediate court of appeals to resolve a conflict in the court's precedents and thereby restore

---

[9] *See Glassman v. Goodfriend,* 347 S.W.3d 772, 775, 781–82 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (granting en banc reconsideration sua sponte to secure uniformity in the court's precedent).

[10] *See, e.g., Lawrence v. State*, 41 S.W.3d 349, 350–62 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (reconsidering en banc whether statute criminalizing homosexual conduct was facially unconstitutional), *rev'd*, 539 U.S. 558, 579, 123 S. Ct. 2472, 2484 156 L.Ed.2d 508 (2003).

[11] *See* Tex. R. App. P. 41.2(c), 49.7.

[12] *See* Tex. R. App. P. 41.2(c); *Thompson*, 89 S.W.3d at 856 (Jennings, J., concurring on denial of en banc reconsideration).

predictability to the law and consistency in the court's decision-making.[13]  Yet, if the full court were to vacate the panel judgment in a conflicts case but not decide the appeal, and instead punt the case to a three-judge panel to decide, then the purpose of en banc review would be thwarted.  Though the panel's judgment in the case would go away, the conflict in the court's precedents would remain because the court's nine judges would not have settled it.[14]  After another three-judge panel rehears the case, one or more parties might again move for en banc reconsideration, citing the same conflict, and the whole process would begin again.

Likewise, under today's new model of en banc reconsideration, if the en banc court were to vacate a judgment in an extraordinary-circumstances case, yet not decide the case and instead kick it down the road for a panel decision, the next round's losing party might also seek en banc reconsideration.  And, the en banc court might be just as unhappy with the second panel's judgment as it was with the first panel's judgment.  The weighty issue that captured the en banc votes the first time around might again spur a majority of the court's members to grant en banc reconsideration once more.

When the full court vacates the panel judgment yet orders the case decided anew at the panel level, neither the parties nor the public get the benefit of the court's collective judgment on an issue a majority of the judges deem exceptional.  The mutation in en banc procedure defies the requirements of the rules that "the en banc court . . . rehear the case" [15]  and that the case "be resubmitted to the court for

---

[13] *See Glassman*, 347 S.W.3d at 781 n.8.

[14] *See* Tex. R. App. P. 41.2(c), 49.7; *Glassman*, 347 S.W.3d at 781 n.8.

[15] Tex. R. App. P. 41.2(c).

en banc review and disposition."[16] Today's order "granting in part and denying in part" does not include both essential components of en banc reconsideration and so does not comply with the rules of appellate procedure.[17]

What the en banc majority does today might seem expedient in the short run (by enabling the court to avoid the cumbersome en banc decisional process), but the altered procedure is likely to prove more costly and inefficient in the long run. Vacating the panel judgment without deciding the case en banc wastes time and resources, defeats the reason for full-court review, and violates the en banc regime because three judges rather than nine decide the case.

Though the disposition the en banc majority orders today (vacating the judgment and having a panel rehear the case) is not permissible under the appellate rules, there are legitimate means of accomplishing the same end. The three panel members that decided the case are part of the en banc majority that today votes to reconsider the panel decision. The panel, acting alone, could vacate the panel judgment and withdraw the panel opinion, thereby mooting the motion for en banc reconsideration, and then decide the case anew at the panel level.[18] There is no reason to pervert the en banc process to reach this result.

In sum, neither the Texas Rules of Appellate Procedure nor the Supreme Court of Texas recognizes the hybrid procedure the en banc majority introduces today. The en banc majority's unprecedented decision to uncouple the two

---

[16] Tex. R. App. P. 49.7.

[17] *See* Tex. R. App. P. 41.2(c), 49.7.

[18] *See Nova Cas. Co. v. Turner Const. Co.*, 335 S.W.3d 698, 699–700 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (withdrawing original panel opinion and judgment and issuing a new panel opinion and judgment after considering arguments in motion for en banc rehearing, even though the panel denied the motion for en banc rehearing as moot and no motion for panel rehearing was filed).

essential components of en banc reconsideration undercuts both the purpose and the promise of en banc review. Vacating the panel's judgment and deciding the case on en banc reconsideration are inseparable parts of the unified process set forth in the appellate rules. If a majority of the court's members vote to grant en banc reconsideration, then the case must be decided en banc. Granting in part (by vacating the panel's judgment) and denying in part (by declining to decide the case en banc) is not an option. The en banc court, not a panel, should decide today's case. Because the en banc majority instead orders this en banc case to be decided by a panel, I respectfully dissent.

/s/    Kem Thompson Frost
Chief Justice

Justice Boyce signed an En Banc Order, in which Justices Christopher, Jamison, McCally, Busby, Donovan, Brown, and Wise joined. Chief Justice Frost authored an En Banc Dissenting Opinion.
Publish