

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-18-00126-CV

**IN RE NEWPORT CLASSIC HOMES, L.P. L.L.C.**

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-02113
Honorable Rosie Alvarado, Judge Presiding

### DISSENT TO GRANT OF MOTION FOR EN BANC RECONSIDERATION

Opinion by:    Marialyn Barnard, Justice
Dissenting Opinion by: Irene Rios, Justice, joined by Rebeca C. Martinez, Justice

Sitting en banc:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed:  October 10, 2018

I must respectfully dissent because I disagree with the court's consideration of this case en banc.

In promulgating Texas Rule of Appellate Procedure 41.2(c), "the Supreme Court of Texas has made a policy decision to disfavor en banc reconsideration, and instead to reserve the special procedure for rare cases meeting one or both of the two en banc criteria." *In Marriage of Harrison*, 507 S.W.3d 259, 261 (Tex. App.—Houston [14th Dist.] 2016, mandamus denied Sept. 30, 2016) (Frost, C.J., dissenting).  Rule 41.2(c) provides the legal standard for determining whether en banc consideration should be granted.  TEX. R. APP. P. 41.2(c).  The rule provides, in relevant part:

> (c) *En Banc Consideration Disfavored*. En banc consideration of a case is not favored and should not be ordered **unless necessary** to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration.

*Id.* (emphasis added). "The standard for en banc consideration is not whether a majority of the en banc court disagrees with all or part of a panel opinion." *Unifund CCR Partners v. Villa*, 273 S.W.3d 385, 392 (Tex. App.—San Antonio 2008) (Marion, J., dissenting) (stating, "when there is no **conflict** among panel decisions, the existence of 'extraordinary circumstances' is required before en banc consideration may be ordered" (emphasis added)), *rev'd*, 299 S.W.3d 92 (Tex. 2009). Thus, "[g]iven the high court's directive, as reflected in the plain text of the rules, intermediate courts of appeals should invoke the en banc procedure only to settle true conflicts in precedent[.]" *Harrison*, 507 S.W.3d 259 at 261 (Frost., C.J., dissenting).

In seeking en banc review, Newport did not argue this case presents extraordinary circumstances; rather Newport's only basis for requesting en banc review is to maintain uniformity of this court's decisions. In support of this argument, Newport cites to *In re Semgroup Corp.*, No. 04-16-00230-CV, 2016 WL 3085875, at *3 (Tex. App.—San Antonio June 1, 2016, orig. proceeding). However, as explained below, *Semgroup* "merely reflect[s] a different outcome based on the individual facts presented in [that] case." *Villa*, 273 S.W.3d at 392 (Marion, J., dissenting).

In *In re Semgroup Corp.*, family members of a deceased victim of a vehicular collision involving a tractor-trailer sued the tractor-trailer driver's employer and affiliated companies. *In re Semgroup Corp.*, 2016 WL 3085875, at *1. Specifically, the plaintiffs alleged the driver of the tractor-trailer was on his cellphone at the time of the accident, and a more stringent mobile device policy, coupled with the use of a driver camera system could have prevented the accident.

During discovery, the plaintiffs received copies of the company's corporate mobile device policy and noticed the deposition of four corporate officers, to which the defendants responded by filing motions for protection. *Id.* at *1. The trial court denied SemGroup's motion as to two corporate officers, allowing the depositions of the corporate officers "who were more directly involved in the development, promulgation, and application of the policy." *Id*. at *1, *2. The defendants sought mandamus relief from the trial court's order denying the motion for protection as to two of the officers. *Id.* at *1. This court concluded the trial court erred by allowing the depositions of the two corporate officers because the plaintiffs failed to show the officers had any unique or superior knowledge of the subject matter for which they sought the depositions, and failed to show that, after a good faith effort to obtain the discovery through less intrusive methods, there was a reasonable indication that the apex depositions were calculated to lead to the discovery of admissible evidence, and the less intrusive methods of discovery were unsatisfactory, insufficient or inadequate. *Id.* at *3.

This court held that evidence showing a corporate officer "appointed a team to develop a corporate mobile device policy and offered input during the development of the policy" and that other corporate employees were "more directly involved in the development, promulgation, and application of the policy" was insufficient to show the officer had unique or superior knowledge of the corporate mobile device policy. *Id.* at *2. With regard to the other corporate officer, this court held that evidence merely showing the officer "had input in the development of the mobile device policy" was insufficient to show the officer's information would be superior in quantity or quality than other available sources. *Id.*

This court's analysis based on the particular facts and circumstances of *In re Semgroup Corp.* does not require the same outcome in this case. In contrast to the corporate officers in *In re*

*Semgroup*, here, the record shows Lagunes is seeking to depose Hiles not because Hiles, as head of the general contractor, had general knowledge of the company's policies and had input in the development of a corporate policy. Rather, Lagunes seeks Hiles's deposition because Hiles, as a company president who was hands-on with regards to site safety, made visits to the site, and made specific requests regarding site safety, and as sole officer with authority to enter into contracts with subcontractors, was in a position to have unique knowledge regarding whether Newport or any subcontractors had either actual or contractual control over the safety of the construction site.

Accordingly, this court's analysis in *Semgroup Corp.* stands on its own particular facts and does not dictate that this court in this case conclude Lagunes failed to "arguably show[] that [Hiles] has any unique or superior personal knowledge of discoverable information." *See Crown Cent.*, 904 S.W.2d at 128.

Thus, because there is neither a true conflict in precedent nor the existence of "extraordinary circumstances" requiring en banc reconsideration, I therefore dissent from the granting of en banc consideration.

Irene Rios, Justice